John Calhoun WELLS, Secretary of Labor Cabinet (Special Fund), Appellant,

v.

James H. CRADDOCK; Bel Cheese, Inc.; and Workers' Compensation Board, Appellees.

and

BEL CHEESE, INC., Appellant,

v.

James H. CRADDOCK; John Calhoun Wells, Secretary of Labor (Special Fund); and Workers' Compensation Board, Appellees.

Court of Appeals of Kentucky.

Jan. 25, 1985.

Timothy O'Mara, Middleton & Reutlinger, Louisville, for appellant, Bel Cheese, Inc.

Gemma M. Harding, Labor Cabinet, Louisville, for appellant, Special Fund.

John W. Bland, Jr., Elizabethtown, for appellee, James H. Craddock.

Before COMBS, MILLER and WHITE, JJ.

COMBS, Judge.

These two appeals are from an order of the Grayson Circuit Court remanding the worker's claim for benefits to the Workers' Compensation Board for further findings of fact. The sole issue on appeal is whether the circuit court erred in taking such action.

The worker, James H. Craddock, suffered a work-related injury on June 21, 1979, when a piece of machinery he was attempting to repair fell and struck his ankle. Subsequently, while still recuperating from this injury, Mr. Craddock experienced a heart attack on September 10, 1979. He filed a claim for workers' compensation benefits based upon both the injury to his ankle and the heart attack against his employer, Bel Cheese, Inc., and named the Special Fund as a potential source of liability.

The Workers' Compensation Board found that Mr. Craddock had "... sustained an occupational disability of 30% ..." and it apportioned the liability equally between the employer-appellant and the Special Fund.

Mr. Craddock sought judicial review of his limited award in the Grayson Circuit Court. Rather than addressing the merits of the case, the trial court remanded the claim to the Workers' Compensation Board for additional findings of fact. Both the employer, Bel Cheese, Inc., and the Special Fund have appealed that order to this court.

■ The basis for the trial court's order remanding the claim to the Board was due to its inability to determine whether the Board had relied upon the applicable law in formulating its original award. It is well established that a claim for benefits is controlled by the Workers' Compensation Act, KRS Chapter 342, as written at the time of the occurrence of the work-related injury. *See Maggard v. International Harvester Co.*, Ky., 508 S.W.2d 777 (1974). This rule is particularly important in the instant appeal because the worker was injured in 1979, and the Board's opinion and order

was not rendered until June 6, 1983, nearly four years later. During that time period, KRS 342.730, the statute which sets forth the formula for the computation of disability benefits, underwent significant revision by our legislature. 1980 Ky.Acts, Ch. 104, § 15; 1982 Ky.Acts, Ch. 278, § 23. Most importantly, KRS 342.730 as amended, now recognizes the American Medical Association's "Guide to the Evaluation of Permanent Impairment" as a primary standard for establishing the level of a worker's disability.

In his appeal to the Grayson Circuit Court, the worker maintained that the Board had improperly utilized this amended version of KRS 342.730 to establish the extent of his disability. The circuit court, while not directly concluding that such was indeed the case, felt that the opinion and order of the Board was sufficiently vague on this question as to justify its remand for findings more clearly in conformity with KRS 342.730 as written in 1979.

The standard of our review of such an action by the circuit court is found in KRS 342.285(4), which states:

> ... the court shall enter judgment affirming, modifying or setting aside the order, decision or award, or *in its discretion remanding the cause to the board for further proceedings in conformity with the direction of the court.* (Emphasis added.)

■ The decision to remand lies within the sound discretion of the trial court, and this court may reverse the trial court's decision to remand only upon a finding that such action constituted an abuse of discretion. We find no such abuse in the instant appeal. We have reviewed the Board's opinion and order, and the relevant portions of the record, and find ample grounds to support the order of the trial court. In particular, we note that in summarizing the testimony of the numerous medical experts, the Board repeatedly couched its comments in terms of "impairment," a terminology that could reasonably infer an improper reliance on the post–1979 versions of KRS 342.730. While this factor does not

demonstrate beyond a shadow of a doubt that the Board incorrectly applied KRS 342.730 as amended, it does provide the support necessary for the trial court's order remanding the claim for findings specifically based upon the statute as it was written in 1979. This case is similar to the case of *Shields v. Pittsburgh and Midway, Etc.*, Ky.App., 634 S.W.2d 440 (1982).

The order of the Grayson Circuit Court is affirmed.

All concur.