James JONES, Appellant,

v.

Vicki G. NEWBERG, Acting Director of Special Fund; Now Robert L. Whittaker, Acting Director of Special Fund; Kinney Branch Coal Company; Ronald L. McDermott, Administrative Law Judge; and Workers' Compensation Board, Appellees.

No. 94–SC–528–WC.

Supreme Court of Kentucky.

Nov. 23, 1994.

Publication Ordered Dec. 22, 1994.

Randy G. Clark, Clark & Johnson, Pikeville, for appellant.

Cathy Utley Costelle, Angeline B. Golden, Labor Cabinet—Sp. Fund, Louisville, for appellees Newberg and Whittaker.

Stuart Bennett, Lexington, for appellee Kinney Branch Coal Co.

## OPINION OF THE COURT

An award of workers' compensation benefits entered by an Administrative Law Judge (ALJ) under KRS 342.732(1)(b) was reversed by the Court of Appeals and remanded to the ALJ for failure to determine causation. None of the parties dispute that the then-recently rendered decision of this Court in *Arch on the North Fork, Inc. v. Campbell,* Ky., 865 S.W.2d 312 (1993), requires a specific finding of causation in coal workers' pneumoconiosis claims. *See also, Newberg v. Reynolds,* Ky., 831 S.W.2d 170 (1992). Contrary to that requirement, the ALJ failed to specify whether claimant's respiratory impairment was due to his employment, or to years of cigarette smoking as was argued by the Special Fund. The medical evidence on the issue of causation was conflicting.

Regardless of the ALJ's error, claimant argues on appeal to this Court that the Special Fund's failure to preserve the issue of causation precluded it from raising that issue on appeal. The contested issues listed in the prehearing order were extent and duration, apportionment and notice. The Court of Appeals did not address the issue of preservation in its decision, and this is the only issue presented to this Court.

It is claimant's contention that because causation was not listed as a contested issue, and even though the issue of causation was fully litigated, the issue was not preserved for purposes of an appeal. Claimant cites in support of his argument *Cornett v. Corbin Materials, Inc.,* Ky., 807 S.W.2d 56 (1991). The holding in that case, that the failure to submit any evidence during proof time may result in dismissal of the claim due to failure to prosecute, is not related to this preserva-

tion issue. We did discuss in *Cornett* that the purpose of the prehearing conference, according to KRS 342.270(3) and 803 KAR 25:011 § 8(1), is to define and narrow the issues, discuss settlement, and to consider other relevant matters that may aid in disposal of the case.

More on point, 803 KAR 25:011 § 8(7) provides as follows:

> If at the conclusion of the conference the parties have not reached agreement on all issues, the administrative law judge shall prepare a stipulated summary of all contested and uncontested issues, which shall be signed by representatives of the parties and by the administrative law judge. This stipulation shall be filed, and only the contested issues shall be the subject of further proceedings before the administrative law judge.

Section 15(1) provides that stipulation of facts which are not in issue is mandatory.

In this case, causation was not listed as a contested nor an uncontested issue; although it was challenged by the Special Fund with supporting medical evidence in its brief before the ALJ, and it was discussed by the ALJ in his opinion to the extent that he recited the conflicting medical testimony including the evidence that claimant's condition was due to cigarette smoking and not exposure to coal dust. We point out, however, that the medical testimony supporting each conflicting theory of causation was presented to and noted by the ALJ. Claimant makes no assertion that the failure to formally list causation as a contested issue altered his approach or that by listing the issue he would have presented different evidence. His evidence included medical opinions that his impairment was caused by coal workers' pneumoconiosis.

■ There are certain fundamental or threshold questions which must be satisfied in order for an award to be granted pursuant to the Act. We believe that statutory provisions may not be circumvented by total reliance upon the regulations. Our statute is clear that it must be shown that the injury arose out of and in the course of employment in order to be compensable. KRS 342.0011(1). The burden is upon the claimant to prove the causation of injury was work connected. *Hudson v. Owens*, Ky., 439 S.W.2d 565 (1969). It has been held that questions of law regarding whether an award conforms with provisions of the Act may and should be considered by a reviewing tribunal whether contested or not. *Muncy v. Muncy*, 242 Ky. 190, 45 S.W.2d 1034 (1932).

■ We do not believe that the issue of causation was unpreserved, in the normal sense of the word, for purposes of appeal. It was clear from the conflicting medical evidence that claimant's respiratory impairment could be the result of his employment, his smoking habit, or a combination of the two. In fact, the Special Fund's brief before the ALJ recited the testimony in its statement of fact and listed as its first argument that claimant had not contracted coal workers' pneumoconiosis because any pulmonary impairment, according to doctors' testimony, was due to emphysema as a consequence of cigarette smoking. In light of this, it can hardly be said that claimant was unaware of the controversy or that he was unable to present evidence in support of his claim. The risks or potential prejudice of permitting an unpreserved issue (i.e. one never before raised or litigated) to be raised for the first time on appeal are simply not present here. In *Roberts v. Estep*, Ky., 845 S.W.2d 544 (1993), we held that an issue could not be considered by the Board when it was (1) not raised on the prehearing order as a contested issue, nor (2) raised at the hearing. In this case, causation was raised at the hearing and conflicting evidence was submitted by each party. We are unaware of any precedent for declaring an issue unpreserved under those circumstances.

Where (1) the fact-finder is required, according to KRS 342.0011(1) and *Arch on the North Fork, Inc. v. Campbell*, Ky., 865 S.W.2d 312 (1993), to determine causation, and (2) that issue was not stipulated but was fully litigated before the ALJ, and (3) therefore neither party suffered prejudice by the failure to list it as a contested issue, we hold that remanding this claim for a determination of causation was proper.

Finally, we note that the Special Fund raises in its appellee brief the issue of notice and argues that claimant failed to meet that requirement and that the finding in his favor on that issue is erroneous. We believe this is the proper subject of a direct appeal or cross-appeal. The ALJ's findings shall not be disturbed on this issue.

Under the circumstances listed above, it was not improper for the Court of Appeals to remand the case to the ALJ for a finding of causation according to *Arch on the North Fork v. Campbell.* The decision of the Court of Appeals is affirmed.

All concur.