AAA MINE SERVICES, Appellant,

v.

Roger Dale WOOTEN, William O. Windchy, Director of Special Fund, Hon. Donna H. Terry, Chief Administrative Law Judge, and Workers' Compensation Board, Appellees.

Ron CHRISTOPHER, Director of Special Fund, Appellant,

v.

Roger Dale WOOTEN, AAA Mine Services, Hon. Donna H. Terry, Chief Administrative Law Judge, and Workers' Compensation Board, Appellees.

Nos. 97–SC–491–WC, 97–SC–492–WC.

Supreme Court of Kentucky.

Jan. 22, 1998.

Bonnie Jo Hoskins, Lexington, for AAA Mine Services.

Benjamin C. Johnson, Labor Cabinet, Special Fund, Louisville, for Ron Christopher.

Benjamin C. Johnson, Angeline B. Golden, Labor Cabinet, Special Fund, Louisville, for Appellee Windchy.

James D. Holliday, Hazard, for Appellee Wooten.

OPINION OF THE COURT

This appeal concerns whether claimant demonstrated a sufficient progression of coal workers' pneumoconiosis to prevail on a mo-

tion to reopen a retraining incentive benefit (RIB) award which was the product of a settlement. KRS 342.125(2)(a).

An agreement between claimant and the employer, which was approved on December 12, 1991, provided that claimant would receive a lump sum of $17,500.00 in settlement of a RIB claim. Contemporaneous x-ray evidence from Drs. Anderson, Lane, Harrison, and Myers indicated that claimant suffered from category 1/0 coal workers' pneumoconiosis.

The first of two motions to reopen was filed on April 16, 1993, with claimant alleging a decrease in pulmonary function. The employer was permitted to file responsive medical reports which indicated spirometric values in excess of 80% of the predicted normal values, with the result that the motion was overruled. The Administrative Law Judge (ALJ) concluded that claimant had failed to establish a *prima facie* case for reopening since there was no worsening of his pulmonary function after the original award.

On September 1, 1995, claimant again moved to reopen and also moved to join the Special Fund. In support of the motion, he produced an x-ray report from Dr. Myers which was dated May 2, 1995, and which indicated category 1/2 disease. Also submitted were the results a pulmonary function study performed by Dr. Myers who reported an FVC value of 80% of the predicted normal value and an FEV1 of 79% of the predicted normal value. An x-ray report by Dr. Baker indicated category 1/0 disease. A pulmonary function study which he performed indicated an FVC of 73.2% of the predicted normal value and an FEV1 of 68.8% of the predicted normal value.

In ruling on the motion, the ALJ observed that KRS 342.125(2)(a) required both a finding of respiratory impairment and a showing of the progression of occupational disease. Noting the x-ray reports of category 1/2 and 1/0 disease, the ALJ concluded that since claimant suffered from category 1 disease at the time of settlement and category 1 disease at the present, he had failed to demonstrate a progression of the disease. As a result, the motion was overruled.

Claimant appealed to the Workers' Compensation Board (Board), arguing that he had met both requirements of a *prima facie* case and was entitled to an order reopening the claim for the taking of further proof. The Board agreed, noting that the ILO x-ray classification system which was employed by the legislature in establishing the standards set forth in KRS 342.316 and KRS 342.732 clearly indicated that a change from category 1/0 to 1/2 constituted a progression of the disease. The Board concluded that since claimant had satisfied the initial step required by KRS 342.125(2)(a), he was entitled to proceed with the reopening.

The Court of Appeals agreed with the Board and affirmed, declining to address an unpreserved issue concerning whether KRS 342.125(4) was applicable. The employer and the Special Fund now appeal to this Court, arguing that the motion was properly overruled since claimant failed to show a progression to category 2 disease. The employer also argues that since the chest x-ray taken by Dr. Baker and the spirometric studies performed by Dr. Myers indicate no progression of the disease to category 2, no worsening of respiratory impairment since the 1993 motion to reopen, and "normal spirometry," the motion was properly overruled. Claimant responds that a progression to category 1/2 is sufficient for the purposes of KRS 342.125(2)(a) and that all pulmonary function studies performed at the time of the 1991 settlement indicated FVC and FEV1 values in excess of 80% of the predicted normal values.

 Although the concept of finality applies to workers' compensation awards, KRS 342.125 provides some relief from the principles of res judicata and permits a reopening under certain specified conditions. See *Beale v. Faultless Hardware*, Ky., 837 S.W.2d 893 (1992). As is reflected in KRS 342.125(2)(a), the reopening of a workers' compensation award involves a two-step process. The first step of this process involves the filing of a motion to reopen the award, with the movant being required to make a sufficient *prima facie* showing of the possibility of prevailing on the merits. Only if that requirement is satisfied will the adversary be

put to the expense of relitigation or will the taking of further proof be authorized. The parties do not dispute that the preliminary showing required by KRS 342.125(2)(a) includes evidence of a progression of pneumoconiosis as well as evidence of the development of a respiratory impairment. There is no dispute that, if such a showing is made, the proponent is entitled to a finding concerning the presence of the requisite respiratory impairment for an award of income benefits pursuant to KRS 342.732(1)(b). Since the ALJ overruled the motion on the grounds that claimant had failed to demonstrate a progression of pneumoconiosis, this appeal concerns only whether x-ray evidence of a change from category 1/0 to 1/2 constituted a sufficient showing of a "progression" of pneumoconiosis to authorize further litigation of the claim.

■ The evidence indicates that claimant may, at most, be awarded benefits pursuant to KRS 342.732(1)(b), a provision which requires a finding of category 1 disease. As set forth in KRS 342.316(2)(b)2.a., the latest ILO Classification system is to be employed in determining the category of disease which is apparent from an examination of the chest x-ray of a particular individual. Affected areas of the lung appear opaque on x-ray. In enacting KRS 342.732, the legislature was aware that the ILO Classification system employs four major categories, which refer to the number of opacities per unit area (profusion), and three minor categories, which indicate that the profusion is less than, equal to, or greater than that which is typical for the category. In other words, the minor categories refer to the extent of progression of the disease within each major category. A particular x-ray is classified by the reporting physician with the major category and minor category separated by a slash. See O'Daniel, *1987 Kentucky Workers' Compensation Law,* p. 14.

In view of the foregoing and in the absence of any indication that the legislature intended to require a preliminary showing of a progression to category 2 disease for a reopening in which benefits pursuant to KRS 342.732(1)(b) are being sought, we conclude that claimant introduced sufficient *prima fa-*

*cie* evidence of a progression of the disease to indicate a substantial possibility that he would be able to prevail on the merits. It is undisputed that all of claimant's reported spirometric values at the time of settlement exceeded 80% of the predicted normal values and that this motion to reopen was accompanied by two medical reports which evidenced spirometric values of less than 80% of the predicted normal values. Since we have concluded that claimant made the preliminary showing of a progression of pneumoconiosis which was required by KRS 342.125(2)(a), he was entitled to an order directing the taking of further proof and, ultimately, to a decision on the merits of whether he was entitled to receive the award which he sought. Therefore, the Board was correct in reversing the ALJ's decision to the contrary, and the Court of Appeals was correct in affirming the Board.

The decision of the Court of Appeals is hereby affirmed, and the claim is hereby remanded to the ALJ for the entry of an order granting the motion.

All concur.