**Willard CAMPBELL, Appellant,**

v.

**UNIVERSAL MINES; William O. Windchy, Acting Director of Special Fund; Donna H. Terry, Administrative Law Judge; and Workers' Compensation Board, Appellees.**

No. 97–SC–327–WC.

Supreme Court of Kentucky.

Feb. 19, 1998.

James D. Holliday, Hazard, for Appellant.

Bonnie Jo Hoskins, Stoll, Keenon & Park, Lexington, for Appellee Universal Mines.

Benjamin C. Johnson, Louisville, for Appellee William O. Windchy.

Donna H. Terry, pro. se.

Walter W. Turner, Frankfort, for Appellee Workers' Compensation Board.

COOPER, Justice.

Willard Campbell was last exposed to the hazards of coal workers' pneumoconiosis in December 1990. In April 1992, he filed a claim for a retraining incentive benefit (RIB), alleging that he had contracted the disease. Pulmonary function studies taken at the time indicated some respiratory impairment, but not to the extent to entitle him to income benefits under KRS 342.732(1)(b) or (c). X-ray interpretations ranged from negative for the disease to category 1/2 disease. The claim was settled in October 1992 for a lump sum of $13,000.00, with the agreement indicating that the settlement represented the compromise of a RIB claim.

In April 1995, Campbell filed a motion to reopen the settled award under KRS 342.125(2)(a), which provides in pertinent part as follows:

Upon the application of the affected employee, and a showing of progression of his previously diagnosed occupational pneumoconiosis resulting from exposure to coal dust and development of respiratory impairment due to such pneumoconiosis, the administrative law judge may review an award of a retraining incentive benefit because of such diagnosis, and upon a finding of respiratory impairment due to such pneumoconiosis shall make an award for benefits as provided in KRS 342.732. Such a reopening may also occur upon a showing of progression of respiratory impairment in a claim for which benefits were previously awarded under the provisions of KRS 342.732. . . .

The motion was accompanied by medical reports indicating the presence of category 2/2 disease and increased respiratory impairment, but still less than the extent necessary to entitle him to income benefits. The Administrative Law Judge (ALJ) concluded that this evidence did not satisfy the requirement of a *prima facie* showing sufficient to justify a reopening of the award, since Campbell had failed to demonstrate the *development* of a respiratory impairment as required by the first sentence of KRS 342.125(2)(a). The motion to reopen was overruled.

On appeal, the ALJ's decision was affirmed by both the Workers' Compensation Board and the Court of Appeals. Because we conclude that the ALJ incorrectly interpreted the requirements of KRS 342.125(2)(a), we reverse and remand.

Once an agreement to settle a workers' compensation claim has been approved and become a final award, it is enforceable as a judgment and is subject to the principles concerning the finality of judgments. However, just as CR 60.02 provides some relief from the finality of a civil judgment if certain specified conditions are shown to exist, KRS 342.125 provides relief for workers' compensation litigants and permits the reopening and amendment of workers' compensation awards upon the showing of certain specified conditions. See *Beale v. Faultless Hardware*, Ky., 837 S.W.2d 893 (1992).

In 1987, the legislature enacted KRS 342.732, which contains irrebuttable presumptions of occupational disability due to coal workers' pneumoconiosis based solely upon the affected worker's disease category and/or respiratory impairment. KRS 342.732(1)(b) and (c) create irrebuttable presumptions of partial or total occupational disability based solely upon the extent of the affected worker's respiratory impairment. KRS 342.732(1)(d) creates an irrebuttable presumption of total occupational disability based solely upon a finding of the presence of category 2 pneumoconiosis. Also in 1987, the legislature amended KRS 342.125 and added subsection (2)(a), which is quoted verbatim earlier in this opinion. Ky. Acts 1987 Ex. Sess. ch. 1, § 16.

As we have observed on many occasions, workers' compensation is a creature of statute. As reflected in both KRS 342.125(1) and in KRS 342.125(2)(a), the reopening of a workers' compensation award is a two-step process. The first step is the filing of a motion to reopen the award. The second step requires a *prima facie* showing of a substantial possibility that the movant can prove not only the conditions which authorize reopening the award, but also that he is entitled to an increased award. Only if those

requirements are satisfied will the taking of further proof be authorized and the adversary put to the expense of relitigation.

■ The plain language of KRS 342.125(2)(a) requires a *prima facie* showing of both a progression of the disease and either the development or the progression of a respiratory impairment in order for a worker to prevail on a motion to reopen a RIB award. Campbell offered evidence that his disease had progressed to category 2. In addition, he needed to prove either the development or a progression of respiratory impairment to be entitled to reopen. The decisions of the ALJ, the Board and the Court of Appeals were all premised upon a conclusion that, in order to reopen, a worker must prove the development or progression of respiratory impairment to less than 80% of the predicted normal values contained in the American Medical Association's *Guides to the Evaluation of Permanent Impairment,* *i.e.,* sufficient impairment to entitle him to at least the irrebuttable presumption and compensation benefits provided for in KRS 342.732(1)(b). *Ergo,* since Campbell's evidence did not show a respiratory impairment of less than 80% of normal as determined in the AMA's *Guides,* he was not entitled to reopen.

The legislature may impose any conditions it sees fit to permit a party to reopen a previously final award. However, it is not our function to impose conditions which the legislature has omitted. Unlike KRS 342.732(1)(b) and (c), which use the AMA's *Guides* to establish irrebuttable presumptions of disability, KRS 342.125(2)(a) makes no reference to the *Guides* or the presumptions, but permits a reopening of a pneumoconiosis claim upon the mere showing of progression of the underlying disease and either the development or a progression of respiratory impairment. Thus, the worker is not required to show both category 2 pneumoconiosis and compensable respiratory impairment in order to reopen, but only a progression of the disease and a development or progression of impairment, so long as either the disease or the impairment has progressed to the point of compensability. To require progression of both the disease and the

impairment to the point of compensability would be illogical, since the worker could not receive compensation for both. *McCoy Elkhorn Coal Corp. v. Sullivan,* Ky., 862 S.W.2d 891 (1993).

Campbell made the required *prima facie* showing that his underlying pneumoconiosis had progressed from category 1 to category 2, satisfying the threshold of compensability set forth in KRS 342.732(1)(d). He also presented evidence of progression of pulmonary impairment, although not to the extent that it would be compensable under KRS 342.732(1)(b) or (c). That was all that was required of him under KRS 342.125(2)(a).

The decision of the Court of Appeals is hereby reversed and this case is remanded to the ALJ for the entry of an order granting the motion to reopen, for the taking of proof, and for a decision on the merits of claimant's assertion that he presently suffers from category 2 disease and is entitled to an award of income benefits pursuant to KRS 342.732(1)(d).

STEPHENS, C.J., GRAVES, JOHNSTONE, LAMBERT and STUMBO, JJ., concur.

WINTERSHEIMER, J., dissents by separate opinion.

WINTERSHEIMER, Justice, dissenting.

I respectfully dissent from the majority opinion because the legislature has the right to classify so as to establish different requirements for reopening of an award than are imposed for an initial award. In addition, the General Assembly has the right to rely on the American Medical Association's *Guides to the Evaluation of Permanent Impairment* in enacting KRS 342.732.

This case presents the question of whether a worker who establishes a progression from category 1 to category 2 coal workers' pneumoconiosis must also demonstrate the development or progression of a respiratory impairment in order to reopen an RIB award and obtain an award of income benefits. The Administrative Law Judge originally determined that although the claimant had demonstrated a progression of the disease, he failed

**626**

to prove the presence of a respiratory impairment. Consequently, the motion to reopen was properly dismissed. This decision was affirmed by the Workers' Compensation Board and the Court of Appeals. I do not believe there is sufficient basis for this Court to overturn the previous decisions. The plain language of KRS 342.125(2)(a) requires proof of both elements in order to reopen a RIB award. Although an original award of income benefits may be based solely on a finding of category 2 disease, the workers' compensation law is a creature of statute. Accordingly, nothing prevents the legislature from imposing different requirements for reopening of an award than those established for an initial award.

In this area of the law, the legislature explicitly relied on the American Medical Association's *Guides to the Evaluation of Permanent Impairment* in enacting KRS 342.732. The AMA guidelines reported FEV 1 and FVC values of 80 percent or more of the predicted normal values demonstrate the absence of a respiratory impairment. Here, in view of the fact that the claimant's reported values at reopening all exceeded 94 percent, I do not believe the ALJ committed reversible error in overruling the motion to reopen. Rejection of the use of the AMA standards is in effect a usurpation of the intent of the General Assembly and a departure from the application of similar standards in the past.

At most, this case illustrates that competent lawyers and judges can disagree on the interpretation of even relatively clear language. The majority opinion clearly breaks new ground in this area which has not been followed by any other judicial body that has reviewed the question.

Therefore, I would affirm the decision of the Court of Appeals, the Workers' Compensation Board and the Administrative Law Judge.