LESLIE COUNTY FISCAL
COURT, Appellant,

v.

Roger ADAMS; Ron Christopher, Director of Special Fund; Donna H. Terry, Chief Administrative Law Judge; and Workers' Compensation Board, Appellees.

Robert L. WHITTAKER, Acting Director of Special Fund, Cross–Appellant,

v.

LESLIE COUNTY FISCAL COURT; Roger Adams; Donna H. Terry, Chief Administrative Law Judge; and Workers' Compensation Board, Cross–Appellees.

Nos. 97–SC–811–WC, 97–SC–812–WC.

Supreme Court of Kentucky.

March 19, 1998.

Robert Mark Beal, Williams & Wagoner, Louisville, for Leslie County Fiscal Court.

Benjamin C. Johnson, Labor Cabinet— Special Fund, Louisville, for Whittaker and Christopher.

Rickey D. Bailey, Manchester, for Adams.

OPINION OF THE COURT

This appeal concerns whether an award of total disability due to injury may be credited for overlapping benefits payable under a pre-

vious retraining incentive benefit (RIB) award where the issue of credit was not listed on the prehearing order.

Claimant was awarded a RIB, left the mining industry, and was totally disabled by a back injury sustained in the course of his subsequent employment with the defendant-employer. The Administrative Law Judge (ALJ) granted claimant's motion to consolidate the injury claim with a subsequent claim for occupational hearing loss. A separate prehearing order in the hearing loss claim indicates that the RIB claim was consolidated for informational purposes. At the hearing, claimant testified concerning the amount and duration of his RIB.

The ALJ who considered both the injury and hearing loss claims awarded benefits for total occupational disability for the injury, apportioned equally between the employer and the Special Fund. The claim for hearing loss was dismissed upon a finding that it resulted in no occupational disability. The employer petitioned for reconsideration, requesting a finding of prior, active disability and the consideration of certain payroll records. Except for amending the opinion to provide a finding that payroll records were filed, the petition was overruled.

In its appeal to the Workers' Compensation Board (Board), the employer asserted that it was entitled to credit for the extent to which benefits payable under the prior RIB award overlapped the period of income benefits payable for the injury. Claimant responded that the employer had waived the issue of a credit since it was not listed in the prehearing conference memorandum.

In a two-to-one decision, the Board reversed the ALJ based upon its conclusion that only those issues which substantively relate to the claim, itself, must be listed on the prehearing order. The Board stated that, in contrast, the question of credit is a matter of law based upon the evidence. Then, construing certain decisions of this Court, the Board concluded that a credit was permitted on these facts. The dissent emphasized that the issue of credit necessitated various findings of fact and that all information necessary to those findings was in existence before the prehearing conference.

Furthermore, with regard to the prehearing order, 803 KAR 25:010, § 8(5) provided that "only the listed contested issues shall be the subject of further proceedings." The dissent concluded that since the issue was not timely raised, it was waived.

Relying upon *Jones v. Newberg,* Ky., 890 S.W.2d 284 (1994), the Court of Appeals rejected claimant's argument that the issue of a credit was not properly before the Board. However, the Court of Appeals reversed the Board's determination that the defendants were entitled to credit against this occupational injury award for benefits paid by a prior employer pursuant to a RIB award. The court noted the general principle that a worker who receives multiple, concurrent awards may not be compensated for more than total disability because he cannot be more than totally disabled. However, the opinion emphasized that, unlike the workers in *McCoy Elkhorn Coal Corporation v. Sullivan,* Ky., 862 S.W.2d 891 (1993), and *Arch of Kentucky, Inc. v. Halcomb,* Ky., 925 S.W.2d 460 (1996), claimant was not totally disabled at the time he was awarded a RIB. In fact, at the time claimant was awarded a RIB, he had sustained no occupational disability. He was fully capable of fulfilling the purpose of a RIB by seeking employment outside the coal mining industry, and he did. It was in the subsequent employment that he was injured. Since the benefit was used for the purpose for which it was intended, the Court of Appeals was not persuaded that claimant should be penalized for choosing to receive the benefit in periodic payments rather than in a lump sum and concluded that a credit was not authorized. An opinion which concurred in result expressed agreement with the dissenting member of the Board that the question of a credit was not properly preserved.

The employer and the Special Fund now appeal to this Court, asserting that the Court of Appeals has erred and that the credit was permitted. Claimant repeats the arguments raised before the Board in support of its assertion that the issue was waived since it was not properly raised before the ALJ.

█ It is apparent from the regulations set forth by the Board that the principles

concerning the preservation of issues for further consideration applies in workers' compensation proceedings. The regulations provide that only those issues which are listed as contested on the prehearing order may be the subject of further proceedings. Consistent with the foregoing, in *Roberts v. Estep*, Ky., 845 S.W.2d 544 (1993), we determined that an issue concerning whether counsel for the employer had made an improper *ex parte* contact with the injured worker's physician was not properly before the Board since it was not listed as a contested issue in the prehearing order, and was not raised at the hearing.

*Jones v. Newberg, supra,* the authority upon which the Court of Appeals has relied in determining that the issue of a credit came within the scope of the Board's review, concerned the findings necessary to support an award of income benefits for coal workers' pneumoconiosis. KRS 342.732(1)(b), the provision upon which the award was based, required a finding that the worker suffered from category 1 pneumoconiosis as well as a finding that the worker's respiratory impairment resulted from exposure to coal dust. There, the medical evidence concerning the cause of the reported spirometric values was conflicting, and, although causation was not listed as a contested issue, it was fully litigated before the ALJ. In awarding income benefits, the ALJ determined only that the worker's spirometric values came within the range set forth in KRS 342.732(1)(b) but did not make a finding concerning the cause of the respiratory impairment which they demonstrated.

In determining that the issue of causation was not unpreserved for the purposes of appellate review, we noted that, as a threshold matter, a worker has the burden to demonstrate that an injury arose out of and in the course of employment. KRS 342.0011(1). We also noted that the cause of the worker's respiratory impairment had been fully litigated; therefore, no party was prejudiced by the fact that it was not listed on the prehearing order. Finally, we noted that a finding concerning the cause of the worker's respiratory impairment was required by KRS 342.732(1)(b). In the absence of a finding

that the worker's respiratory impairment resulted from exposure to coal dust, the award did not conform to the provisions of Chapter 342. *Arch on the North Fork, Inc. v. Campbell,* Ky., 865 S.W.2d 312 (1993). Under those circumstances, we concluded that the claim must be remanded to the ALJ for a consideration of the evidence and for a finding concerning the cause of the worker's respiratory impairment.

Here, unlike the situation in *Jones v. Newberg, supra,* it is undisputed that the ALJ made all findings required by KRS 342.730 in order to support the injury award. The question of the defendants' entitlement to a credit for the prior RIB was an ancillary matter. However, the injury, hearing loss, and RIB claims were consolidated for informational purposes, and claimant testified at the hearing concerning the amount and duration of his RIB benefits. Although the question of a credit was not actually listed as contested, the parties all were aware that, in fact, it was contested, precluding a claim of prejudice. The question of whether a credit for overlapping RIB and injury benefits is authorized is not a matter for the discretion of an ALJ but is a matter of law based upon certain facts. Therefore, under the particular circumstances which are present in this case, we agree that the Board did not exceed its scope of review in addressing the question of a credit.

With regard to the issue of whether a credit was authorized on these facts, we agree with the reasoning set forth by the Court of Appeals and affirm. We also note the existence of the principle that benefits for an occupational injury take precedence over those for occupational disease. *Estep Coal Co. v. Ward,* Ky., 421 S.W.2d 367 (1967). By requesting a credit against the award for occupational injury, the employer effectively seeks the opposite result.

The decision of the Court of Appeals is hereby affirmed, and the award as entered by the ALJ is reinstated.

All concur.