Denny **NEACE**, Appellant,

v.

**ADENA PROCESSING; Special Fund; Hon. Ronald W. May, Administrative Law Judge; and Workers' Compensation Board, Appellees.**

**No. 1998CA002763.**

Court of Appeals of Kentucky.

Sept. 3, 1999.

Case Ordered Published by
Court of Appeals Nov. 24, 1999.

As Modified Nov. 24, 1999.

James D. Holliday, Hazard, for Appellant.

Jeffrey D. Damron, Prestonsburg, for Adena Processing.

David W. Barr, Louisville, for Special Fund.

BEFORE: BUCKINGHAM, HUDDLESTON, and KNOPF, Judges.

### *OPINION*

BUCKINGHAM, Judge.

Denny Neace (Neace) petitions for review of an opinion by the Workers' Compensation Board (the Board) affirming an opinion and order of an administrative law judge (ALJ) denying Neace's motion to reopen his previous retraining incentive benefits (RIB) claim and an order of the ALJ denying his petition for reconsideration. We affirm.

Neace filed an application for RIB in January 1994. He submitted x-ray interpretations from Dr. William Anderson and Dr. Emery Lane with his application. Dr. Anderson found that Neace suffered from category ½ pneumoconiosis, and Dr. Lane found that Neace suffered from category 1/0 pneumoconiosis. Neace and his employer, Adena Processing (Adena), settled Neace's claim for a lump sum of $16,000.

In July 1997, Neace filed a motion to reopen his claim based upon an alleged worsening of his pulmonary condition. He submitted the report of Dr. John E. Myers, Jr., with his motion to reopen. Dr. Myers found that Neace suffered from category ½ pneumoconiosis. Pulmonary function tests conducted by Dr. Myers showed that Neace's FVC was 70% of predicted whereas his $FEV_1$ was 57% of predicted. Post-bronchodilator testing revealed that Neace's FVC was 71% of predicted whereas his $FEV_1$ was 58% of predicted.

An arbitrator granted Neace's motion to reopen, finding that Neace "has set forth a prima facie case for reopening pursuant to KRS 342.125." However, the arbitrator's benefit review determination dismissed Neace's reopening claim due to Neace's failure to prove a progression of his pulmonary impairment. Neace then moved for a de novo hearing before an ALJ.

The ALJ issued an opinion and order finding that Neace "has failed to show a progression of his previously diagnosed occupational pneumoconiosis...." The basis of the ALJ's holding was the fact that Dr. Myers found Neace to be suffering from the same level of pneumoconiosis (category 1/1) as Dr. Anderson had found when Neace filed his original application for RIB. After the ALJ denied his petition for reconsideration, Neace appealed to the Board. The Board affirmed the ALJ, finding that Neace had not demonstrated a worsening of his condition. Neace then filed the petition for review sub judice.

Reopenings are governed by KRS 342.125.[1] KRS 342.125(2)(a) provides that an affected employee may move to reopen his RIB claim upon "a showing of progression of his previously-diagnosed occupational pneumoconiosis resulting from exposure to coal dust and development of respiratory impairment due to that pneumoconiosis...." Thus, a "two-step process" for reopening was described in *Campbell v. Universal Mines,* Ky., 963 S.W.2d 623 (1998), as follows:

> The first step is the filing of a motion to reopen the award. The second step requires a *prima facie* showing of a substantial possibility that the movant can prove not only the conditions which authorize reopening the award, but also that he is entitled to an increased award. Only if those requirements are satisfied will the taking of further proof be authorized and the adversary put to the expense of relitigation.
>
> The plain language of KRS 342.125(2)(a) requires a *prima facie* showing of both a progression of the disease and either the development or the progression of a respiratory impairment in order for a worker to prevail on a motion to reopen a RIB award.

*Id.* at 624–25.

Neace argues that since Dr. Lane found him to be suffering from category 1/0 pneumoconiosis when he filed his application for RIB, he has made a prima facie showing that his disease has progressed due to Dr. Myers's more recent finding that he suffered from category ¼ pneumoconiosis. An afflicted worker need not show that his pneumoconiosis has progressed from category 1 to category 2 in order to make a prima facie case sufficient to merit reopening. *AAA Mine Services v. Wooten,* Ky., 959 S.W.2d 440 (1998). However, an afflicted worker must show that his pneumoconiosis has progressed within category 1 in order to make his prima facie case (e.g., ¾ to ¼ or ¼ to 1/2). The ALJ noted that Dr. Anderson found Neace to have category ¼ pneumoconiosis when he filed his application for RIB and Dr. Myers found that Neace had category ¼ pneumoconiosis when he filed his motion to reopen. Thus, the ALJ concluded that Neace had failed to demonstrate a progression of his disease.

It is well-settled that when "the medical evidence is conflicting, the question of which evidence to believe is the exclusive province of the ALJ." *Square D Co. v. Tipton,* Ky., 862 S.W.2d 308, 309 (1993). In the case sub judice, there was no original determination of whether Neace had work-related pneumoconiosis, as his RIB application was settled prior to a resolution on its merits. Thus, it was not improper for the ALJ to determine that Neace had category ¼ pneumoconiosis when his RIB claim was settled, as that finding was supported by the findings of Dr. Anderson.[2] Accordingly, Neace was required to present evidence that his condition had progressed to at least category ½ in order to make the required prima facie showing.[3] The ALJ acted properly in dismissing Neace's reopening action since Neace failed to make such a showing.

As Neace bore the burden of proof and risk of persuasion, he must demon-

---

1. All statutory references are to the statutes as they existed prior to the 1996 comprehensive overhaul of the workers' compensation statutes as "[i]t is well established that a claim for benefits is controlled by the ... [law] as written at the time of the occurrence of the work-related injury." *Wells v. Craddock,* Ky. App., 683 S.W.2d 639, 640 (1985).

2. Neace argues that the ALJ should have been bound to accept Dr. Lane's finding that he suffered from category 1/0 pneumoconiosis at the time he filed his RIB application. However, he cites no authority which would mandate such a "baseline" finding. We see no reason why the ALJ should be bound to follow the findings of Dr. Lane over those of Dr. Anderson, or vice versa.

3. Neace could not demonstrate a progression of his disease through pulmonary studies, as none were conducted on his original RIB claim.

strate that the evidence was "so overwhelming, upon consideration of the entire record, as to have compelled a finding in his favor." *Wolf Creek Collieries v. Crum*, Ky.App., 673 S.W.2d 735, 736 (1984). Compelling evidence is evidence "so overwhelming that no reasonable person could reach the conclusion" of the ALJ. *REO Mechanical v. Barnes*, Ky.App., 691 S.W.2d 224, 226 (1985). As the ALJ's findings are supported by Dr. Anderson's initial report and Dr. Myers's report on reopening, we conclude that the record does not compel a different result. Neace has not demonstrated that the Board "overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice." *Western Baptist Hosp. v. Kelly*, Ky., 827 S.W.2d 685, 687–88 (1992).

The opinion of the Board is affirmed.

ALL CONCUR.