**Robert L. WHITTAKER, Director of Special Fund, Appellant,**

v.

**Jack HURST; Carbon River Coal Company; J. Landon Overfield, Administrative Law Judge; and Workers' Compensation Board, Appellees.**

No. 2000–SC–0393–WC.

Supreme Court of Kentucky.

March 22, 2001.

Joel D. Zakem, Labor Cabinet—Special Fund, Frankfort, Counsel for Appellant.

James D. Holliday, Hazard, Counsel for Appellee Hurst.

John V. Porter, Paintsville, Counsel for Appellee Carbon River Coal Co.

## OPINION OF THE COURT

This workers' compensation appeal concerns a matter of first impression: whether a worker who sought to reopen an award of income benefits for coal workers' pneumoconiosis was required to offer evidence of both a progression of the disease and a progression of respiratory impairment. KRS 342.125(2)(a).

The claimant was last exposed to coal dust on February 16, 1994. Shortly there-after, he filed a claim in which he sought benefits for coal workers' pneumoconiosis. The claim alleged more than 20 years of exposure with multiple employers.

The claimant reached an agreement with the employer to compromise a possible total disability award for a lump sum of $30,000.00. In approving the agreement, the Administrative Law Judge (ALJ) specifically noted that it represented "a full, final, and complete settlement of all pending claims against Defendant Employer." That portion of the claim is no longer in dispute.

A separate agreement between the claimant and the Special Fund provided that the claimant would receive weekly benefits for the Special Fund's share of a "tier two" award. Stated otherwise, the agreement was based upon an award of income benefits for permanent, partial disability pursuant to KRS 342.732(1)(b). On September 14, 1994, the agreement was approved by an ALJ.

On July 24, 1997, the claimant filed a motion to reopen the claim against the Special Fund. As grounds for reopening, he alleged a progression of respiratory impairment in a claim for which benefits were previously awarded under the provisions of KRS 342.732. KRS 342.125(2)(a). The motion was granted, after which evidence was introduced.

The claimant offered x-ray evidence that he suffered from category 1/0 disease as of December 11, 1992; evidence of FVC and FEV1 values which were less than the greatest values at the time of the settlement; and evidence that his exposure to coal dust was a significant factor in the progression of his pulmonary impairment. A university evaluator read a chest x-ray of grade 1 quality which was taken on January 16, 1998, and reported that it revealed no parenchymal abnormalities which were consistent with pneumoconiosis.

After being denied the requested relief by an arbitrator, the claimant filed a re-

quest for a hearing before an ALJ. A memorandum of the prehearing conference which was signed by the parties indicated that the contested issues were limited to: requirement of progression of disease on x-ray; FVC versus FEV1 progression; presence of criteria for administration of a bronchodilator; and the cause of a progression in pulmonary impairment. The memorandum also indicates that a hearing was waived and that the parties were given 30 days to submit briefs. The claimant submitted a brief; however, it appears that the Special Fund did not.

The ALJ who considered the merits of the reopening determined that because there was no showing of the criteria for administering a bronchodilator, the pre-bronchodilator spirometric values must be relied upon. They demonstrated a progression of respiratory impairment. With regard to whether there was a progression of the disease, the ALJ noted that in the initial proceeding the claimant had introduced evidence from Dr. Lane, whom the ALJ characterized as being a B reader and a highly respected expert with regard to coal workers' pneumoconiosis. Dr. Lane had read a grade 1 x-ray which was taken on December 1, 1993, as showing category 1/0 disease and a November 4, 1992, x-ray as showing category 1/1 disease. The ALJ concluded that although the claimant offered unrebutted evidence of a progression of respiratory impairment since the settlement, he offered no evidence of a worsening of the disease since that time. The ALJ determined that KRS 342.125(2)(a) required evidence of both a progression of the disease and a progression of respiratory impairment in order for the claimant to prevail at reopening. Therefore, in the absence of evidence of a progression of the disease, reopening was denied.

In deciding the claimant's appeal, the Workers' Compensation Board (Board) determined that the plain language of KRS 342.125(2)(a) indicated that evidence of a progression of respiratory impairment was sufficient to support reopening the award.

Therefore, the Board reversed the decision of the ALJ and remanded for further consideration of the matter. The Court of Appeals affirmed the Board's decision.

The Special Fund complains that there is no judicial finding that the claimant actually suffers from category 1 disease. It asserts that the opinion of the university evaluator that the claimant does not suffer from the disease must be given presumptive ·weight. Based upon that opinion, it concludes that the claimant is not entitled to reopen.

A finding that the claimant did not suffer from pneumoconiosis would have mooted the entire question of whether a progression of disease as well as the development of a respiratory impairment was required for reopening this settled award. However, although KRS 342.125(3) [later KRS 342.125(4), now KRS 342.125(7) ] would have permitted the Special Fund to contest the existence of the disease when the settled claim was reopened, it failed to do so, either before the ALJ or the Board. *Newberg v. Davis*, Ky., 841 S.W.2d 164 (1992); *Beale v. Faultless Hardware*, Ky., 837 S.W.2d 893 (1992). The prehearing conference memorandum which was signed by the parties does not indicate that the existence of the disease was in dispute, and the Special Fund failed to file a brief before the ALJ or to otherwise contest the existence of the disease. The Special Fund's argument to the Board was that because the claimant offered no evidence that the disease had progressed, reopening was properly denied.

Unlike ·the situation in *Jones v. Newberg*, Ky., 890 S.W.2d 284 (1994), the question which the Special Fund now seeks to raise was neither raised nor litigated at the administrative level. In a similar vein, the Special Fund failed to assert to the ALJ or to the Board that the opinion of the university evaluator must be given presumptive weight with regard to this pre-December 12, 1996, claim or that, when given presumptive weight, it compelled a

finding that the claimant did not suffer from pneumoconiosis. Having failed to raise any of these questions at the administrative level, the Special Fund is precluded from doing so in the context of this judicial appeal. *Urella v. Kentucky Board of Medical Licensure*, Ky., 939 S.W.2d 869, 873 (1997).

■ The sole question which is properly before the Court is whether KRS 342.125(2)(a) requires evidence of a progression of the disease as well as evidence of a progression of respiratory impairment for reopening. The version of KRS 342.125(2)(a) which is at issue provided as follows:

> Upon the application of the affected employee, and a showing of progression of his previously diagnosed occupational pneumoconiosis resulting from exposure to coal dust and development of respiratory impairment due to such pneumoconiosis, the administrative law judge may review an award of a retraining incentive benefit because of such diagnosis, and upon a finding of respiratory impairment due to such pneumoconiosis shall make an award for benefits as provided in KRS 342.732. Such a reopening may also occur upon a showing of progression of respiratory impairment in a claim for which benefits were previously awarded under the provisions of KRS 342.732. An application for review under this subsection shall be made within one (1) year of the date the employee knew or reasonably should have known that a progression of his disease and development of progression of respiratory impairment have occurred. Review under the subsection shall include a review of all evidence admitted in all prior proceedings.

The first sentence of this provision explicitly refers to the reopening of a retraining incentive benefit (RIB) award. In *AAA Mine Services v. Wooten*, Ky., 959 S.W.2d 440 (1998), and *Campbell v. Universal Mines*, Ky., 963 S.W.2d 623 (1998), we addressed the requirements for re-

opening a RIB and determined: 1.) that a worker must offer x-ray evidence of a progression of the disease and also offer spirometric evidence of a decrease in pulmonary function in order to reopen a RIB award and 2.) that either the x-ray or spirometric evidence must rise to the level necessary for income benefits. Nothing in the first sentence of KRS 342.125(2)(a) indicates a legislative intent for those same requirements to apply to the reopening of an award of income benefits.

■ The second sentence of the provision refers to the reopening of "a claim for which benefits were previously awarded under the provisions of KRS 342.732." It requires only a progression of respiratory impairment. In view of the fact that the first sentence is more specific and explicitly addresses the reopening of a RIB award, we conclude that the second sentence was intended to govern the reopening of awards of income benefits which were made pursuant to KRS 342.732(1)(b)-(d). In drafting the second sentence, the legislature was free to require a progression of disease as well as a progression of respiratory impairment in order to reopen awards of income benefits. However, it chose not to do so. We view this as a clear indication of a legislative intent that such a requirement not be imposed. Furthermore, contrary to the argument which is advanced by the Special Fund, we view the sole purpose of the third sentence of the provision as being to impose a period of limitations on the time for moving to reopen a pneumoconiosis award.

The decision of the Court of Appeals is affirmed.

All concur.