BIG ELK CREEK COAL COMPANY,
Appellant,

v.

Delbert MILLER; Robert L. Whittaker,
Director of Special Fund; Thomas A.
Nanney, Administrative Law Judge;
and Workers' Compensation Board,
Appellees.

No. 2000–SC–0931–WC.

Supreme Court of Kentucky.

May 24, 2001.

Denis Moore Davidson, Barret, Haynes,
May, Carter and Roark, P.S.C., Hazard,
Counsel for Appellant.

James D. Holliday, Hazard, Counsel for Appellee Miller.

John William Burrell, Labor Cabinet— Special Fund, Frankfort, Counsel for Appellee Whittaker.

## OPINION OF THE COURT

The claimant prevailed on a motion to reopen a retraining incentive benefit (RIB) award by offering evidence of a progression of respiratory impairment and of category 2 disease, after which the parties proceeded to take proof. Ultimately, the matter was dismissed without a consideration of whether the claimant was entitled to income benefits under KRS 342.732(1)(d) on the grounds that the greatest spirometric values disproved a progression of respiratory impairment. This appeal concerns whether, having made the necessary *prima facie* showing, the claimant was then required to prove both a progression of respiratory impairment and his entitlement under KRS 342.732(1)(d).

In 1993, the claimant was awarded a retraining incentive benefit (RIB). At the time, Dr. Wright read x-rays as being negative for pneumoconiosis and obtained spirometric values that were less than the predicted normal values but not low enough to be compensable. The claimant's last exposure to coal dust occurred on August 29, 1995. In 1998, he moved to reopen the award, offering *prima facie* evidence of category 2 disease and of spirometric values that were slightly less than those obtained by Dr. Wright in 1993. The motion was granted by an Arbitrator and, no appeal having been taken from the decision, the parties proceeded to take proof.

The greatest spirometric values introduced at reopening were higher than those obtained by Dr. Wright in 1993, but they were also less than the predicted normal values for a man of the claimant's age and height. Although KRS 342.732(1)(d) would have permitted an award of income benefits for total disability based solely upon the evidence of category 2 disease or progressive massive fibrosis, the Arbitrator dismissed the reopening because the greatest spirometric values disproved a progression of respiratory impairment since the initial award. KRS 342.125(2)(a).

The claimant sought *de novo* review, pointing out that a *prima facie* case for reopening had been made and that the motion for reopening had been granted. He asserted, therefore, that he was required to prove only a compensable progression of the disease or the development of a compensable respiratory impairment in order to obtain a greater award. An Administrative Law Judge (ALJ) affirmed the Arbitrator's decision; however, the Workers' Compensation Board (Board) reversed, relying upon *Campbell v. Universal Mines,* Ky., 963 S.W.2d 623 (1998). See also, *AAA Mine Services v. Wooten,* Ky., 959 S.W.2d 440 (1998). The Court of Appeals affirmed the Board, and the employer now appeals.

The applicable version of KRS 342.125(2)(a) provided, in pertinent part, as follows:

Upon the application of the affected employee, and a showing of progression of his previously-diagnosed occupational pneumoconiosis resulting from exposure to coal dust and development of respiratory impairment due to that pneumoconiosis, the administrative law judge may review an award of a retraining incentive benefit because of such diagnosis, and upon a finding of respiratory impairment due to that pneumoconiosis shall make an award for benefits as provided in KRS 342.732. Such a reopening may also occur upon a showing of progression of respiratory impairment

in a claim for which benefits were previously awarded under the provisions of KRS 342.732. . . .

■ Workers' compensation is a creature of statute and, therefore, regardless of the specific findings required in order to support an award pursuant to a particular subsection of KRS 342.732, the legislature is free to impose additional conditions on the reopening of a previously-final award. As is reflected in KRS 342.125(2)(a), the reopening of a workers' compensation award involves a two-step process. The first step involves the filing of a motion to reopen the award, with the movant being required to make a sufficient *prima facie* showing of a substantial possibility that he can prove not only the conditions that authorize reopening the award but also that he is entitled to a greater award. Only if those requirements are satisfied will the adversary be put to the expense of relitigation or will the taking of further proof be authorized. Likewise, only then will the ALJ review the RIB award in the light of the evidence that the parties have introduced and consider the merits of the worker's assertion that a greater award is authorized.

■ It is apparent that KRS 342.125(2)(a) specifies conditions for reopening a final award and also specifies the conditions for obtaining an increased award when the merits of the reopening are considered. First, KRS 342.125(2)(a) requires a *prima facie* showing of both a progression of the disease and the development or progression of respiratory impairment in order for a worker to prevail on a motion to reopen a RIB award, regardless of the subsection of KRS 342.732 through which the increased benefit is sought. *Campbell, supra,* at 625. Second, KRS 342.125(2)(a) provides that when the ALJ reviews the RIB award in the light of the evidence introduced at reopening, it is only

upon a finding of respiratory impairment that an award under another subsection of KRS 342.732 is authorized. Like the conditions of the *prima facie* showing, this condition is imposed without regard to the subsection of KRS 342.732 through which the increased benefit is sought. The Arbitrator and ALJ erred by requiring the claimant to prove a progression of respiratory impairment rather than simply a respiratory impairment.

In requiring a finding of respiratory impairment as a condition precedent to awarding income benefits, KRS 342.125(2)(a) does not distinguish between awards that are based upon a compensable respiratory impairment [KRS 342.732(1)(b) or (c) ] and awards that are based solely upon a compensable disease category [KRS 342.732(1)(d) ]. Hence, in order to successfully reopen a RIB award and obtain an award of income benefits, a worker is required to prove the existence of a respiratory impairment at reopening, regardless of whether such an impairment is required by KRS 342.732. Where a worker is seeking benefits at reopening pursuant to KRS 342.732(1)(d), *Campbell* stands for the principle that the necessary "respiratory impairment" equates to pulmonary function that is less than the predicted normal. *Id.*

■ In the instant case, the claimant sought benefits under KRS 342.732(1)(d) and made a *prima facie* showing of both the existence of a respiratory impairment as defined by *Campbell, supra,* and a progression of the impairment. He, therefore, prevailed on his motion to reopen. When the merits of the reopening were considered, the highest spirometric values in evidence demonstrated a respiratory impairment as that term was construed in *Campbell* and, therefore, compelled a finding to that effect. Furthermore, the condition precedent of KRS 342.125(2)(a) hav-

ing been met, the claimant was entitled to a consideration of the merits of his assertion that he presently suffered from category 2 disease and qualified for income benefits under KRS 342.732(1)(d).

The decision of the Court of Appeals is affirmed, and this matter is remanded to the ALJ for the entry of a finding of respiratory impairment and for a consideration of the merits of the claimant's assertion that he is entitled to an award pursuant to KRS 342.732(1)(d).

All concur.