MODIFIED: AUGUST 24, 2006

# Supreme Court of Kentucky

## 2005-SC-0719-WC

FINAL

DATE 8-24-06 Erik Grauth P.C.

DONALD MORRISON                                                            APPELLANT

V.

APPEAL FROM COURT OF APPEALS
05-CA-0324-WC
WORKERS' COMPENSATION NO. 02-70313

THE HOME DEPOT; SEDGWICK CLAIMS
MANAGEMENT SERVICES; WORKERS'
COMPENSATION BOARD; AND HON. JOHN B.
COLEMAN, ADMINISTRATIVE LAW JUDGE                       APPELLEES

## OPINION OF THE COURT

## REVERSING AND REMANDING

This appeal concerns the report of a medical evaluation that was ordered under

KRS 342.315 and performed by a physician who was not employed by the University of

Kentucky or University of Louisville medical school. An Administrative Law Judge (ALJ)

overruled the claimant's motion to strike, rejecting an assertion that the physician was

not a university evaluator within the meaning of KRS 342.315. Affirming, the Workers'

Compensation Board and Court of Appeals reasoned that the statute required the

commissioner (now executive director) to contract with the universities "to evaluate

workers," that it required "physicians and institutions performing evaluations" to submit

reports, but that it did not require the universities to select physicians who were

university employees. The claimant asserts that they misconstrued KRS 342.315. We

agree; therefore, we reverse and remand this claim for further proceedings.

On June 24, 2002, the claimant fell backward from the bed of a truck while working for Home Depot in Florence, Kentucky. He completed his shift and then sought chiropractic treatment from Dr. Skinner for neck, shoulder, and back injuries. Dr. Skinner provided most of his treatment.

Based on subsequent medical evidence, disputes arose over whether or when the claimant reached maximum medical improvement (MMI) regarding the shoulder condition and over the impairment due to all conditions. Although acknowledging the employer's right to require continued medical examinations, the claimant objected to having to travel to examinations by physicians in the vicinity of Lexington rather than the greater Cincinnati area where he lived. As a consequence, the ALJ ordered the claimant to undergo an evaluation "by a physician at the assigned university medical school" and to address the disputed issues. A March 1, 2004, letter from the Office of Workers' Claims advised the claimant that the evaluation was scheduled with Dr. Martyn Goldman for March 29, 2004, at 12:15 p.m., at the Medical Assessment Clinic on Dutchman's Parkway in Louisville, and indicated that a map of the site within the university facility was enclosed. The claimant reported for the evaluation, and Dr. Goldman submitted both a report and a supplemental report containing his clinical findings and opinions. The employer also filed Dr. Goldman's initial report into evidence but does not assert presently that it was admissible except under KRS 342.315.

The May 27, 2004, hearing order indicates that a ruling on a motion to strike the report was reserved. On June 1, 2004, the claimant filed a motion to strike Dr. Goldman's report, asserting that he was not a university evaluator as contemplated by KRS 342.315 and that his opinions were neither fair nor unbiased. Although the motion

-2-

was filed beyond the 10 days the regulations prescribe, the employer failed to assert that the motion was untimely or that the claimant waived any right to object to the report. Therefore, arguments to that effect were not preserved for appeal and will not be considered. Relying on the plain language of KRS 342.315, the ALJ overruled the motion to strike Dr. Goldman's report. After his petition for reconsideration was overruled, the claimant appealed.

Dr. Goldman is a board-certified orthopedic surgeon whose qualifications were on file with the Department of Workers' Claims (now Office of Workers' Claims) when the evaluation was performed. The claimant does not challenge his expertise. He argues that Dr. Goldman was not a university evaluator within the meaning of KRS 342.315 because he was not employed by one of the university medical schools; therefore, his report was inadmissible. The claimant maintains that he objected as soon as he learned that Dr. Goldman was not a university employee whose clinical findings and opinions could be presumed to be unbiased. See Magic Coal Co. v. Fox, 19 S.W.3d 88 (Ky. 2000). He explains that Dr. Goldman is not a teacher of medicine. He limits his practice to performing medical evaluations and works for a corporation whose business is to provide expert medical witnesses, largely for employers and insurance companies.

Arguing that KRS 342.315 contemplated evaluators who were university employees, the claimant relies on various documents, including the ALJ's February 17, 2004, order to undergo the evaluation; a 1998 Board opinion; materials from the 1998 University of Kentucky Workers' Compensation Institute; a February 16, 2000, statement by former governor Patton regarding university evaluators; the decision in Magic Coal Co. v. Fox, supra; and an article regarding expert witnesses in workers'

-3-

compensation claims (90 Ky. L.J. 891 (2001/2002)). Although he acknowledges that the statute gives the Department of Workers' Claims (now Office of Workers' Claims) authority to contract with the universities to evaluate injured workers, he asserts that it does not give the Department authority to permit a university to select a private physician to perform the evaluation. Flying J Travel Plaza v. Com., Transp. Cab., Dept. of Highways, 928 S.W.2d 344 (Ky. 1996); Public Service Commission of Kentucky v. Attorney General of the Commonwealth, 860 S.W.2d 296 (Ky. App. 1993).

The ALJ decided this claim on July 7, 2004, at which time KRS 342.315 provided, in pertinent part, as follows:

> (1) The commissioner shall contract with the University of Kentucky and the University of Louisville medical schools to evaluate workers who have had injuries or become affected by occupational diseases covered by this chapter. Referral for evaluation may be made to one (1) of the medical schools whenever a medical question is at issue.
>
> (2) The physicians and institutions performing evaluations pursuant to this section shall render reports encompassing their findings and opinions in the form prescribed by the commissioner. Except as otherwise provided in KRS 342.316, the clinical findings and opinions of the designated evaluator shall be afforded presumptive weight by administrative law judges and the burden to overcome such findings and opinions shall fall on the opponent of that evidence. When administrative law judges reject the clinical findings and opinions of the designated evaluator, they shall specifically state in the order the reasons for rejecting that evidence.
>
> (3) The executive director or an administrative law judge may, upon the application of any party or upon his own motion, direct appointment by the commissioner, pursuant to subsection (1) of this section, of a medical evaluator to make any necessary medical examination of the employee. Such medical evaluator shall file with the commissioner within fifteen (15) days after such examination a written report. The medical evaluator appointed may charge a reasonable fee not exceeding fees established by the commissioner for those services.

Magic Coal Co. v. Fox, supra, involved claims by three coal workers for retraining incentive benefits under KRS 342.732(1)(a). In all three claims, the last exposure to coal dust occurred before December 12, 1996. At issue was whether KRS 342.315 governed claims that arose before it was enacted and, if so, the meaning and legal effect of the term "presumptive weight."

The court determined that the university evaluation provision enacted on December 12, 1996, was procedural and governed all claims pending before an ALJ on or after its effective date. Addressing the term "presumptive weight," the court determined that KRS 342.315(2) created a rebuttable presumption governed by KRE 301. Id. at 95-98. The proven fact supporting the presumption was that evaluating physicians would be provided under contracts between the Department of Workers' Claims (now Office of Workers' Claims) and the university medical schools. Noting that vast differences frequently existed in the opinions of the parties' medical experts, the court determined that clinical findings and opinions from an unbiased medical expert would reasonably be expected to assist the fact-finder and that KRS 342.315 assured sufficient numbers of such experts. Moreover, it was reasonable to infer that physicians affiliated with a medical school were experts in their fields and less likely to have a preconceived bias favoring the plaintiff or the defense than experts the parties hired. Therefore, it was neither unreasonable nor irrational to presume that their clinical findings and opinions would accurately reflect the claimant's medical condition absent evidence to the contrary. The court determined that KRS 342.315(2) neither shifted the risk of non-persuasion to the defendant nor raised the bar regarding the claimant's burden of persuasion. It did not restrict the ALJ's authority to weigh conflicting evidence but simply required the ALJ to state a specific basis for disregarding a university

-5-

evaluator's testimony. In other words, a university evaluator's testimony constituted substantial evidence that the ALJ could not disregard absent evidence to the contrary.

The purpose of KRS 342.315 is to obtain clinical findings and opinions from unbiased medical experts and to assure sufficient numbers of such experts. Id. KRS 342.315 does not authorize the university medical schools to subcontract with private physicians to perform evaluations. Nor does it imply a legislative intent to grant such authority. The rationale for our conclusions in Magic Coal Co. v. Fox, supra, was that physicians who performed evaluations under KRS 342.315 would be "affiliated with," i.e., employed by or on the staff of, one of the designated medical schools. Id. at 95-96. A physician who is not affiliated with a university medical school is not a proper evaluator under KRS 342.315. Therefore, reports from such a physician are not admissible for the purposes of KRS 342.315.

The decision of the Court of Appeals is reversed, and this claim is remanded to the ALJ for further proceedings.

Lambert, C.J., and Cooper, Graves, Scott, and Wintersheimer, JJ., concur. Roach, J., dissents by separate opinion in which Johnstone, J., joins.

COUNSEL FOR APPELLANT:

Otto Daniel Wolff
McMurtry & Wolff
405 Garrard Street
Covington, Kentucky 41011


COUNSEL FOR APPELLEE,
THE HOME DEPOT

Kamp T. Purdy
Ferreri & Fogle
300 East Main Street, Suite 400
Lexington, Kentucky 40507

# Supreme Court of Kentucky

2005-SC-0719-WC

DONALD MORRISON                                            APPELLANT

                  APPEAL FROM COURT OF APPEALS
V.                              2005-CA-0324-WC
                  WORKERS' COMPENSATION NO. 02-70313

THE HOME DEPOT; SEDGWICK CLAIMS
MANAGEMENT SERVICES; WORKERS'
COMPENSATION BOARD; AND HON. JOHN B.
COLEMAN, ADMINISTRATIVE LAW JUDGE                    APPELLEES

## DISSENTING OPINION BY JUSTICE ROACH

The Administrative Law Judge, the Workers' Compensation Board, and the Court

of Appeals correctly construed KRS 342.315 as imposing no requirement that medical

evaluations described in the statute be performed by university employees. Therefore, I

would affirm.

I would first note that the physician in question, Dr. Martyn Goldman, was not just

a random person chosen to evaluate Appellant. As the Administrative Law Judge noted

in his Opinion and Award:

> [I] ordered a university evaluation pursuant to [KRS 342.315] as there was
> a medical question in regards to the plaintiff's shoulder condition. The
> Office of Workers' Claim made the referral to the University of Louisville
> who scheduled the evaluation with Dr. Goldman. There is nothing in the
> statute which prevents the university medical schools from contracting
> with duly qualified physicians . . . .

Though the ALJ's characterization of the relationship between Dr. Goldman and the

University of Louisville is not explicit, it clearly states that the university had chosen Dr.

Goldman as its agent in performing the evaluation and strongly implies that Dr.

Goldman did so as a subcontractor. The ALJ also arrived at what I think is the correct

construction of KRS 342.315.

KRS 342.315 provides, in relevant part, as follows:

(1) The commissioner shall contract with the University of Kentucky and the University of Louisville medical schools to evaluate workers who have had injuries or become affected by occupational diseases covered by this chapter. Referral for evaluation may be made to one (1) of the medical schools whenever a medical question is at issue.

(2) The physicians and institutions performing evaluations pursuant to this section shall render reports encompassing their findings and opinions in the form prescribed by the commissioner. Except as otherwise provided in KRS 342.316, the clinical findings and opinions of the designated evaluator shall be afforded presumptive weight by administrative law judges and the burden to overcome such findings and opinions shall fall on the opponent of that evidence. When administrative law judges reject the clinical findings and opinions of the designated evaluator, they shall specifically state in the order the reasons for rejecting that evidence.

In construing statutes, we have consistently employed the following rules of

statutory construction:

The best way in most cases to ascertain such intent or to determine the meaning of a statute is to look to the language used, but no intention must be read into the statute not justified by the language. The primary rule is to ascertain the intention from the words employed in enacting the statute and not to guess what the Legislature may have intended but did not express. Resort must be had first to the words, which are decisive if they are clear. The words of the statute are to be given their usual, ordinary, and everyday meaning.

Gateway Const. Co. v. Wallbaum, 356 S.W.2d 247, 249 (Ky. 1962)(citations omitted).

In light of these principles, the statute is clear—it does not require the physicians

to be university employees or, in the words of the majority opinion, "affiliated with" the

medical schools. These requirements simply are not present in the statute. Rather, the

statute simply requires the commissioner to contract with the university medical schools

to evaluate workers and that the "physicians and institutions performing evaluations" render reports on a prescribed form. KRS 342.315(2) contains no requirement that the physicians who perform the evaluations be university employees or otherwise "affiliated with" the university. Absent such a requirement, nothing in the statute prevents the universities from selecting physicians who are not university employees to perform the evaluations.

Moreover, the statute's use of the language "[t]he physicians and institutions" clearly contemplates two separate sets of entities who can perform the evaluations. But by requiring that the universities themselves, or at least their direct employees, perform the evaluations, the majority opinion renders the words "physicians and" superfluous. However, "[i]t is a cardinal principle of statutory construction that a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant." Brooks v. Lexington-Fayette Urban County Housing Authority, 132 S.W.3d 790, 811 n.4 (Ky. 2004) (quoting TRW Inc. v. Andrews, 534 U.S. 19, 31, 122 S.Ct. 441, 449, 151 L.Ed.2d 339 (2001)) (internal quotation marks omitted).

The General Assembly could easily have specified that evaluators must be university employees or "affiliated with" the institutions, but it did not. Moreover, nothing in the language of the statute implies such intent. It is not this Court's role to speculate what the legislature may have intended but failed to express. Commonwealth v. Allen, 980 S.W.2d 278, 280 (Ky. 1998). Yet, that is precisely what the majority has done. I respectfully dissent.

Johnstone, J., joins this dissenting opinion.

-3-

# Supreme Court of Kentucky

2005-SC-0719-WC

DONALD MORRISON                                                           APPELLANT

V.

APPEAL FROM COURT OF APPEALS
2005-CA-0324-WC
WORKERS' COMPENSATION NO. 02-70313

THE HOME DEPOT; SEDGWICK
CLAIMS MANAGEMENT SERVICES;
WORKERS' COMPENSATION BOARD;
AND HON. JOHN B. COLEMAN,
ADMINISTRATIVE LAW JUDGE                                                   APPELLEES

## ORDER DENYING REHEARING AND MODIFYING OPINION

The petition for rehearing filed by appellant is DENIED. The Opinion is modified

on page 6 to reflect the following change beginning with "Therefore, a report from such

a physician is not admissible for the purposes of KRS 342.315." This change does not

affect the holding of the Court.

All concur except Roach, J., who would grant rehearing.

Entered: August 24, 2006

_____
Chief Justice

# Supreme Court of Kentucky

## 2005-SC-0719-WC

DONALD MORRISON                                         APPELLANT

V.

**APPEAL FROM COURT OF APPEALS**
**05-CA-0324-WC**
**WORKERS' COMPENSATION NO. 02-70313**

THE HOME DEPOT; SEDGWICK CLAIMS
MANAGEMENT SERVICES; WORKERS'
COMPENSATION BOARD; AND HON. JOHN B.
COLEMAN, ADMINISTRATIVE LAW JUDGE             APPELLEES

## ORDER CORRECTING

The order denying rehearing and modifying the opinion rendered August 24,

2006, and page 1 of the original opinion modified August 24, 2006, are corrected to

show the Court of Appeals case No. as 2005-CA-0324-WC in the captions.

Entered August __29th__ , 2006

_____
Chief Justice