Wayne D. MULLINS, Appellant,

v.

MIKE CATRON CONSTRUCTION/CA-
TRON INTERIOR SYSTEMS, INC.;
Hon. Howard E. Frasier, Jr., Adminis-
trative Law Judge; and Workers'
Compensation Board, Appellees.

No. 2006–CA–002182–WC.

Court of Appeals of Kentucky.

Sept. 28, 2007.

McKinnley Morgan London, KY, for ap-
pellant.

Guillermo A. Carlos, James B. Cooper,
Lexington, KY, for appellee.

Before: THOMPSON and
VANMETER, Judges; PAISLEY,[1] Senior
Judge.

*OPINION*

THOMPSON, Judge.

This is an appeal from an opinion of the Workers' Compensation Board affirming a decision of the Administrative Law Judge (ALJ) awarding Wayne D. Mullins temporary total disability benefits but dismissing his claim for permanent disability benefits and future medical benefits. Mullins contends that although he has no permanent impairment and has reached maximum medical improvement, he is entitled to future medical benefits. He also contends that the report of Dr. Martyn Goldman was inadmissible because Dr. Goldman is not a university evaluator.

On January 13, 2003, while in the employ of Mike Catron Construction, Mullins sustained a work-related injury to his lower back. The claim was bifurcated on the issues of work-relatedness/causation, preexisting active disability and maximum medical improvement. On September 23, 2004, the ALJ awarded temporary total disability benefits. After the submission of additional proof by the parties, the claim was submitted on the issues as to the extent and duration of Mullins' injury. The ALJ found that Mullins had no permanent impairment as a result of his inju

1. Senior Judge Lewis G. Paisley sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

ry, that no additional TTD benefits were due, and that Mullins was not entitled to medical benefits after October 7, 2003, the date he reached maximum medical improvement.

The medical evidence consisted of medical records, reports, and/or deposition testimony from Dr. Robert C. Hoskins, Dr. Russell Travis, Dr. Robert K. Johnson, the Lexington Veterans' Administration Medical Center (VA), Dr. Martyn A. Goldman, and Dr. Robert C. Hoskins. Both Dr. Travis and Dr. Goldman assessed 0% impairment ratings pursuant to the *AMA Guide to the Evaluation of Permanent Impairment*, Fifth Edition.

As to Mullins' entitlement to future medical benefits, the ALJ concluded that an award of benefits was not justified. In doing so, he recognized that at the time there were two cases pending before the Kentucky Supreme Court both of which raised the issue as to whether, as a matter of law, awards of future medical benefits were not authorized by KRS 342.020(1) in the absence of a permanent impairment rating pursuant to the *AMA Guides*.[2] The ALJ observed that the Board had previously ruled in *Gentiva Health Services v. White*, WCB No. 02–90873, that in such cases, as a matter of law, future medical benefits could not be awarded.[3] Anticipating a contrary ruling by the Supreme Court, the ALJ stated in relevant part as follows:

> Until such time as a final binding decision is rendered by an appellate court, the undersigned is obliged to give alternative rulings so that the parties will have guidance that will not require a remand in the event the reasoning of *Gentiva* is rejected. For soft tissue in-

juries that do not result in any permanent impairment, and for which no physician opines that continued medical treatment would be necessary, the reasoning of *Gentiva* would seem to be more consistent with the statutory dictates requiring a permanent injury for purposes of medical expenses after a claimant reaches MMI. However, even if the reasoning of *Gentiva* is rejected, a claimant must still meet his burden of proving that future medical expenses will be necessary in order to merit an award for future medical expenses.

In the prior opinion, the undersigned awarded medical benefits for the work-related injury during the period of disability. This was an interlocutory award pending a final ruling. Based on the absence of any credible medical evidence that Mr. Mullins will need any future medical treatment as a result of the event of January 13, 2003, the undersigned finds that the plaintiff has not met his burden of proof to show that he will need future medical expenses as result of the injury. No objective medical testing or subsequent medical records have shown that the plaintiff will require additional medical treatment for the lumbar strain of January 13, 2003.

The undersigned finds that while the plaintiff had a preexisting dormant condition to his lumbar spine, the injury of January 13, 2003, did not arouse such injury into any permanent disabling reality. The undersigned finds that the plaintiff has not met his burden of proof to show that any temporary exacerbation of his preexisting dormant condition has resulted in the need for medical expenses after October 7, 2003.

---

2. The two cases that were pending were *Montgomery v. United Parcel Service*, 2005–CA000847–WC, 2005 WL 2174424 (Ky.App. 2005) and *Williams v. FEI Installation*, 2005–CA–000653–WC, 2005 WL 3488386.

3. The Board's opinion in *Gentiva* was not appealed.

Relying on *Robertson v. United Parcel Service*, 64 S.W.3d 284 (Ky.2001), the Board affirmed the ALJ's denial of future medical benefits. In *Robertson*, the Court held that because the claimant's work-related injury was only a temporary flare-up of symptoms from a pre-existing, nonwork-related condition, he was not entitled to future medical benefits.

Subsequent to the Board's opinion, the Supreme Court rendered its opinion in *FEI Installation Inc. v. Williams*, 214 S.W.3d 313 (Ky.2007). In that case, the Court addressed whether KRS 342.020(1) entitles an injured worker who has reached maximum medical improvement but has no permanent impairment rating from the injury to continue to be awarded future reasonable and necessary medical treatment for the effects of his injury. The Court noted that the statute does not state that medical benefits are awarded only if there is proof of a permanent impairment rating, of a permanent disability rating, or of eligibility for permanent income benefits. In contrast, the statute states that liability for medical benefits exists "for so long as the employee is disabled regardless of the duration of the employee's income benefits." KRS 342.020(1). Thus, the Court concluded that:

> [D]isability exists for the purposes of KRS 342.020(1) for so long as a work-related injury causes impairment, regardless of whether the impairment rises to a level that it warrants a permanent impairment rating, permanent disability rating, or permanent income benefits. *FEI Installation*, 214 S.W.3d at 318.

Although the Supreme Court clarified the law and held that medical benefits can be awarded in the absence of a permanent disability award, there is nothing in their opinion which suggests that such benefits must be awarded in all cases. To the contrary, the Court clearly held that the claimant was entitled to future medical benefits because his injury was entirely work-related and required surgery. Moreover, the claimant testified, "that he continued to receive physical therapy and no medical evidence indicated that future medical treatment would be unreasonable or unnecessary."

■ Unlike the facts presented in *FEI Installation*, there is evidence that Mullins will not require future medical treatment for any effects of his work-related injury. Since there is substantial evidence in the record to support the ALJ's determination that Mullins is not entitled to future medical benefits, it will not be disturbed. *Special Fund v. Francis*, 708 S.W.2d 641 (Ky. 1986).

The final issue raised concerns the appointment of Dr. Goldman as a KRS 342.315 evaluator. Mullins did not object to the appointment of Dr. Goldman as a university evaluator under KRS 342.315, he attended the evaluation, and made no objection to strike the report based on Dr. Goldman's qualifications as a university evaluator. In fact, Mullins did not question Dr. Goldman's qualifications until the Supreme Court rendered its decision in *Morrison v. Home Depot*, 197 S.W.3d 531 (Ky.2006), in which the Court held that KRS 342.315 contemplates evaluators who are employed by or on the staff of either the University of Kentucky or the University of Louisville medical schools. As in this case, the physician selected by the University was Dr. Martyn Goldman. The Court found that there was no evidence in the record which indicated that Dr. Goldman was affiliated with either university and the case was reversed and remanded to the Board.

■ The *Morrison* decision was rendered after the fourteen day deadline to file a petition for reconsideration but be-

fore the expiration of the time to file an appeal to the Board. Nevertheless, the Board held that Mullins failed to preserve the issue for review when he failed to file a motion to strike Dr. Goldman's report on the basis of his qualifications as a university evaluator or otherwise challenge Dr. Goldman's qualification before the ALJ. We agree.

It is well established that an alleged error must be raised before the trier of fact. *See Whittaker v. Hurst,* 39 S.W.3d 819 (Ky.2001). Unlike in *Morrison* where the claimant raised the issue of Dr. Goldman's qualification before the ALJ, in this case, no similar objection was made. Thus, if the issue of Dr. Goldman's qualifications as a university evaluator was a question of fact, Mullins failed to properly preserve the issue for review.

Mullins argues that there is no issue of fact because pursuant to *Morrison,* Dr. Goldman is not qualified. We do not believe that *Morrison* can be interpreted to preclude Dr. Goldman from being considered a university evaluator. Such would be tantamount to stating that as a matter of law, he is not qualified. In *Morrison,* the record was devoid of evidence indicating that Dr. Goldman was a properly qualified university evaluator. In this case, Dr. Goldman testified that he had held the appointment as a clinical professor at the University of Louisville since 1962. Thus, any objection to his qualifications was a factual matter to be resolved by the ALJ. The Board properly found that the qualifications of Dr. Goldman was an issue required to be presented to the ALJ.

Based on the foregoing, the opinion of the Board is affirmed.

ALL CONCUR.