Donald MORRISON, Appellant,

v.

THE HOME DEPOT; Sedgwick Claims Management Services; Workers' Compensation Board; and Hon. John Coleman, Administrative Law Judge, Appellees.

No. 2007–CA–002457–WC.

Court of Appeals of Kentucky.

Feb. 13, 2009.

Otto Daniel Wolff, Edgewood, KY, for appellant.

Kamp T. Purdy, Scott M.B. Brown, Lexington, KY, for appellee, The Home Depot.

Before CLAYTON, NICKELL, and TAYLOR, Judges.

## OPINION

NICKELL, Judge.

Donald Morrison ("Morrison") petitions for review of a Workers' Compensation Board ("Board") decision affirming an opinion of Administrative Law Judge John B. Coleman ("ALJ"), following remand from the Kentucky Supreme Court, which found Dr. Martyn Goldman ("Goldman"), a board-certified orthopedic surgeon, to be a qualified "university evaluator" as that term is used in KRS[1] 342.315. Based upon *Morrison v. The Home Depot*, 197 S.W.3d 531 (Ky.2006) and *Mullins v. Mike Catron Construction/Catron Interior Systems, Inc.*, 237 S.W.3d 561 (Ky.App.2007), we affirm.

___

1. Kentucky Revised Statutes.

### The First Appeal

In 2002, while working for The Home Depot, Morrison fell injuring his neck, shoulder and back. When questions persisted about the condition of his shoulder, the ALJ ordered him to be examined by a university evaluator. The Office of Workers' Claims ("Office") referred the matter to the University of Louisville Medical School ("School") and the School arranged for Dr. Goldman to do the evaluation by contacting the Medical Assessment Clinic ("Clinic") at which Dr. Goldman maintains an office. Once the exam had been completed and his report submitted, Morrison moved to strike Dr. Goldman's report arguing it was inadmissible because he was not employed by a university medical school and therefore could not be a university evaluator. The ALJ overruled the motion to strike Dr. Goldman's report and relied upon his evaluation in formulating his opinion. Thereafter, Morrison appealed Dr. Goldman's ability to perform a university evaluation to the Board which affirmed the ALJ, and then to this Court which affirmed the Board's opinion.

In 2006, our Supreme Court granted Morrison's request for discretionary review. Holding "[a] physician who is not affiliated with a university medical school is not a proper evaluator under KRS 342.315[,]" the Court reversed and remanded the matter to the ALJ for additional proceedings. *Morrison, supra,* 197 S.W.3d at 535. The record in the first appeal was silent on whether Dr. Goldman was affiliated with a Kentucky medical school.

### The Second Appeal

On remand, the parties were permitted to submit additional proof. Dr. Goldman was deposed on November 20, 2006. His

testimony established: (1) he closed his active medical practice in 1996; (2) from September 1, 1961, through at least May 31, 2007, he was an active, nontenured assistant professor on the unpaid staff of the School; (3) since 1996, he has participated in grand rounds with residents but has not worked with medical students; (4) he remains on the honorary staff of several area hospitals which gives him privileges to attend meetings, have a parking space, and to enjoy other fringe benefits such as attending continuing education seminars; (5) pursuant to a verbal agreement, he is an independent contractor with Dr. Auerbach, owner of the Clinic; (6) his current work is limited to chart reviews and independent medical evaluations ("IME") with about eighty-five percent of the IMEs he performs being done at the request of employers; and, (7) to arrange for Dr. Goldman to conduct the university evaluation of Morrison, the School contacted the front office of the Clinic where Dr. Goldman maintains an office. Attached to Dr. Goldman's deposition were three exhibits. The first was a letter from the School's Executive Vice President and the University Provost, dated August 9, 2005, indicating Dr. Goldman had been approved for reappointment, without tenure, as an Assistant Clinical Professor of Orthopedic Surgery beginning June 1, 2004, and continuing until May 31, 2007. The second was a certificate from the School, signed by the Dean of the School of Medicine and the Department Chair, recognizing Dr. Goldman as a gratis faculty member of orthopedic surgery from September 1, 1961, through May 31, 2007. The third was two curricula vitae indicating Dr. Goldman's affiliation as an Assistant Clinical Professor of Orthopedic Surgery at the School.

The ALJ issued his order on remand on March 20, 2007. We will confine our comments to the findings regarding whether Dr. Goldman may serve as a university evaluator since that is the only issue asserted by Morrison on appeal. In finding Dr. Goldman to be on the staff of the School and therefore eligible to render a university evaluation, the ALJ stated:

[t]he Supreme Court has indicated that in order to be qualified as [a university] evaluator, a physician must be "affiliated with" one of the designated university medical schools. The Supreme Court explained that "affiliated with" means either employed by or on the staff of one of the designated medical schools. In this particular instance, Dr. Goldman's testimony and the exhibits to his testimony make it abundantly clear that he is, in fact, affiliated with the University of Louisville School of Medicine as he, in fact, has been on the board as a nontenured Professor of Orthopedic Surgery since 1961. In addition, the Administrative Law Judge is obligated to discuss whether Dr. Goldman's status as an independent contractor with the Medical Assessment Clinic would affect his ability to function under K.R.S. 342.315. In its decision, the Supreme Court clearly indicated that K.R.S. 342.315 does not authorize university medical schools to subcontract with private physicians to perform evaluations. While Dr. Goldman testified that he is an independent contractor with the Medical Assessment Clinic, he also indicated that he is not functioning as a private physician as he no longer treats patients for the purpose of getting them better. In this particular instance, he was performing a university evaluation at the request of the University of Louisville School of Medicine where he is, in fact, an Assistant Professor of Orthopedic Surgery. His status as an independent contractor with the Medical

Assessment Clinic does not negate that fact.

Morrison petitioned the ALJ to reconsider his opinion. The ALJ denied the petition but clarified Dr. Goldman has "been a non-tenured professor of orthopedic surgery since 1961."

Morrison appealed to the Board which entered a split opinion affirming the ALJ on November 2, 2007. Morrison contended assigning the evaluation to Dr. Goldman violated KRS 342.315 because it was made through a private clinic. By a vote of two to one, a majority of the Board rejected Morrison's theory that the School contracted with the Clinic which then contracted with Dr. Goldman to evaluate Morrison. In support of its view, the majority noted no evidence of a contract between the School and the Clinic was entered into the record. The majority concluded the School called the Clinic solely because Dr. Goldman's office was physically located within the Clinic and not because he happened to be an independent contractor with the Clinic as well as a non-tenured professor with the School. In affirming the ALJ's opinion, a majority[2] of the Board wrote,

> [t]here is substantial evidence to support the ALJ's conclusion that Dr. Goldman was an Assistant Professor of Orthopedic Surgery and was on the staff of the University of Louisville Medical School. Therefore, there was evidence to support a finding that Dr. Goldman meets the definition as outlined by the Supreme Court and is qualified to be a university evaluator pursuant to KRS 342.315.

This appeal followed. For the reasons that follow, we now affirm.

## Analysis

When reviewing a Board decision, we will reverse only when the Board has overlooked or misconstrued controlling law or so flagrantly erred in evaluating the evidence that it has caused gross injustice. *Western Baptist Hospital v. Kelly*, 827 S.W.2d 685, 687–88 (Ky.1992). To review the Board's decision, we must first consider the ALJ's decision because the ALJ, as the fact finder, has sole authority to judge the weight, credibility, substance, and inferences to be drawn from the evidence. *Paramount Foods, Inc., v. Burkhardt*, 695 S.W.2d 418–19 (Ky.1985). In undertaking our review, Morrison bears the burden of proof with respect to every element of the case. *See Caudill v. Maloney's Discount Stores*, 560 S.W.2d 15(Ky.1977).

Morrison has not challenged Dr. Goldman's expertise, only his ability to provide a fair and impartial medical evaluation as contemplated by KRS 342.315, because he contends the evaluation was assigned to Dr. Goldman through a private medical clinic rather than through a university. We understand Morrison's concern; however, under the facts presented to us, we deem Dr. Goldman sufficiently "affiliated" with the School to be able to perform a university evaluation.

To be a "university evaluator," one must be "employed by or on the staff of" a medical school at the University of Kentucky or the University of Louisville. *Morrison, supra*, 197 S.W.3d at 535 (quoting *Magic Coal Co. v. Fox*, 19 S.W.3d 88, 95–6 (Ky.2000)). In his deposition, Dr. Goldman testified he has been a professor at the School since 1961 and would remain so until at least May 31, 2007. Morrison

---

2. The dissenting Board member did not deem Dr. Goldman's "gratis/volunteer services" to support a finding that he was a member of the School's staff. Instead, the dissenter believed Dr. Goldman was "affiliated' with a private medical group devoted to performing independent medical evaluations at the request of its various clients."

was evaluated on March 29, 2004, well within the span of Dr. Goldman's appointment. In light of this uncontroverted testimony, we cannot say the evidence was so overwhelming as to compel a finding in Morrison's favor. *Wolf Creek Collieries v. Crum,* 673 S.W.2d 735 (Ky.App.1984). Just the opposite is true. Thus, we agree with the Board which found the ALJ's opinion was supported by substantial evidence. Furthermore, *Mullins, supra,* reached a similar result although the issue was unpreserved.

For the foregoing reasons, the opinion of the Board, affirming the ALJ's finding that Dr. Goldman is affiliated with the University of Louisville School of Medicine and may therefore serve as a university evaluator under KRS 342.315, is hereby affirmed.

ALL CONCUR.