MAX & ERMA'S, Appellant,

v.

Rhodonna LANE;  Hon. James L. Kerr, Administrative Law Judge;  and Workers' Compensation Board, Appellees.

No. 2009–CA–000528–WC.

Court of Appeals of Kentucky.

July 24, 2009.

Gregory L. Little, Lexington, KY, for appellant.

Theresa Gilbert, Ann B. Lawyer, Lexington, KY, for appellee.

Before MOORE and NICKELL, Judges; HARRIS,[1] Senior Judge.

## OPINION

MOORE, Judge.

Max & Erma's petitions for the review of an opinion of the Workers' Compensation Board reversing and remanding the decision of an Administrative Law Judge (ALJ) denying Rhodonna Lane an award of future medical treatment. Finding no error in the Board's decision, we affirm.

On August 18, 2006, Lane, employed at Max & Erma's restaurant as a prep cook, was coming out of a cooler with her arms full, tripped over two or three large boxes, and fell. As a result of that event, Lane suffered a work-related injury to her knees. Lane testified that after the injury, she sought treatment and was off work for twelve weeks. She returned for a period of time, slicing tomatoes, but then left work again and has not returned.

At the formal hearing, held July 24, 2008, Lane's symptoms consisted of pain and numbness, which she treated with Aleve and Tramdol. Her doctor did not recommend surgery.

On September 17, 2008, the ALJ rendered an opinion and award granting Lane temporary total disability benefits from August 19, 2006 to September 3, 2006, and permanent partial disability benefits for 425 weeks based on a functional impairment rating of 2%. However, as it applied to the issue of Lane's entitlement to past and future medical expenses, the ALJ found as follows:

> The Administrative Law Judge finds that the plaintiff is entitled to an award of medical expenses from the date of her injury through the date of her evaluation by Dr. Best, May 20, 2008. However, based upon Dr. Best's testimony, the Administrative Law Judge finds that plaintiff's need for medical care was of a temporary nature and her medical benefits shall cease as of the date of Dr. Best's evaluation. . . .

After an unsuccessful petition for reconsideration, Lane appealed to the Board. The Board reversed the ALJ's decision, holding that where there is a finding as a matter of law of a permanent impairment rating in accordance with the American Medical Association Guides, an award of future medical benefits is mandated pursuant to Kentucky Revised Statute (KRS) 342.020(1).

The sole issue on appeal is whether the Board erred in reversing the ALJ's ruling that Lane was not eligible for an award of future medical benefits. The duty of this Court is to correct the Board only where it has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice. *Western Baptist Hospital v. Kelly*, 827 S.W.2d 685, 687–688 (Ky.1992); *Whittaker v. Rowland*, 998 S.W.2d 479, 482 (Ky.1999).

---

1. Senior Judge William R. Harris sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statute (KRS) 21.580.

KRS 342.020(1) provides, in relevant part, that:

> In addition to all other compensation provided in this chapter, the employer shall pay for the cure and relief from the effects of an injury or occupational disease the medical, surgical, and hospital treatment, including nursing, medical, and surgical supplies and appliances, as may reasonably be required at the time of the injury and thereafter during disability, or as may be required for the cure and treatment of an occupational disease. The employer's obligation to pay the benefits specified in this section shall continue for so long as the employee is disabled regardless of the duration of the employee's income benefits.

In determining whether a "disability" exists, the Supreme Court held that "disability exists for the purposes of KRS 342.020(1) for so long as a work-related injury causes impairment, regardless of whether the impairment rises to a level that it warrants a permanent impairment rating, permanent disability rating, or permanent income benefits." *FEI Installation, Inc. v. Williams,* 214 S.W.3d 313, 318–319 (Ky.2007).

Furthermore, this Court has found that "KRS 342.020(1) requires the employer of one determined to have incurred a work-related disability to pay for any reasonable and necessary medical treatment for relief whether or not the treatment has any curative effect." *National Pizza Co. v. Curry,* 802 S.W.2d 949, 951 (Ky.App.1991) (holding that medical treatment that only relieved pain is reasonable and necessary under KRS 342.020(1)).

Here, neither party disputes the ALJ's finding that Lane has a 2% whole body impairment rating. In assigning Lane a 2% whole body impairment rating, the ALJ found as a matter of law that Lane is permanently impaired as a result of her work-related injury to her knees, *i.e.,* her bilateral knee condition. A disability exists so long as there is impairment from the work-related injury; because the impairment is permanent, so is Lane's disability. KRS 342.020(1) obligates Max & Erma's to pay for any reasonable and necessary medical treatment for the cure and relief of Lane's disability. Thus, as Lane's disability is permanent, so too is Max & Erma's duty to pay for medical treatment reasonable and necessary for its cure and/or relief. As such, it was error for the ALJ to hold otherwise, and the Board correctly reversed.

Max & Erma's offers two contrary arguments, both of which misinterpret the controlling law under these circumstances.

First, Max & Erma's contends that an employer paying a disabled employee permanent income benefits should not be, in all circumstances, automatically obligated to pay for a disabled employee's future medical benefits relating to a work-related injury. In support, Max & Erma's incorrectly relies upon *Mullins v. Mike Catron Construction/Catron Interior Systems, Inc.,* 237 S.W.3d 561 (Ky.App.2007), wherein we held that while "medical benefits can be awarded in the absence of a permanent disability award, there is nothing ... which suggests that such benefits must be awarded in all cases." *Id.* at 563. Our holding in *Mullins* was based entirely upon the Supreme Court's holding in *FEI Installation, Inc. v. Williams,* 214 S.W.3d 313 (Ky.2007); there, the Supreme Court held that an award of medical benefits is permissive *in the absence of a permanent disability award* if certain factors exist.[2] The case at bar is entirely distinguishable from *Mullins,* in that it includes an award

---

**2.** Some of these factors include a finding that the condition was entirely work related, serious enough to require surgery, required physical therapy, and that no medical evidence

**698**

of permanent disability, making an award of future medical benefits mandatory, rather than permissive, pursuant to the plain language of KRS 342.020(1).

Second, Max & Erma's contends that Lane is not entitled to future medical benefits because the ALJ did not find, as a matter of law, that future medical treatment would be "reasonably required." Max & Erma's favors this Court with no authority directly supporting this proposition, but states that no medical treatment was required or even available to cure, relieve or treat the effects of Lane's injury at the time of the hearing. In so arguing, Max & Erma's necessarily confuses one distinct type of proceeding with another: a proceeding to grant an award of future medical benefits, versus a proceeding to reopen an existing award of medical benefits on the grounds of a medical fee dispute. An award of future medical benefits creates the obligation of the employer to pay for medical treatment that is reasonable and necessary for the cure and relief from the effects of a work-related injury. In contrast, a proceeding to reopen an award of medical benefits provides an employer the opportunity to contest whether certain medical treatment sought by the employee to treat the work-related injury is, in fact, reasonable and necessary. The rationale is stated more succinctly by the Supreme Court:

> [A]n employer which is obligated to pay
> ... benefits is also obligated to pay, in

accordance with KRS 342.020(1), for medical treatment reasonably required either at the time of the award or in the future even if it is true, as appellant asserts here, that at the time of the award no medical treatment was required or even available to cure, relieve or treat the effects of the claimant's occupational disease. If nothing else, it appears that in the event that a claimant's occupational disease worsens over time, such an award of medical benefits serves the laudable purpose of permitting the claimant to promptly obtain medical treatment as it reasonably becomes required, rather than possibly forcing the claimant to forego the receipt of needed treatment due to a lack of financial resources. Meanwhile, if the claimant in this matter should make any claim for medical treatment which is not reasonably required, appellant may certainly file a motion to reopen and show that the claim is unwarranted.

*Peabody Coal Co. v. Hicks,* 824 S.W.2d 411, 412–413 (Ky.1992).

Finding no error in the Board's construal of the statute, we affirm the Board's opinion.

ALL CONCUR.

indicates that future medical treatment would

be unreasonable or unnecessary. *Id.* at 319.