RENDERED: APRIL 9, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0964-WC

ANTOINETTE C. TAYLOR                                                  APPELLANT

v.

PETITION FOR REVIEW OF A DECISION
OF THE WORKERS' COMPENSATION BOARD
ACTION NO. 18-WC-01428

REDWOOD HOLDINGS LLC D/B/A
HILLCREEK LEASINGS LLC AND
HILLCREEK REHABILITATION
AND CARE; AND WORKERS'
COMPENSATION BOARD                                                   APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, DIXON, AND K. THOMPSON, JUDGES.

ACREE, JUDGE: Antoinette C. Taylor, proceeding *pro se*, appeals the July 31,

2020 opinion of the Workers' Compensation Board ("Board") vacating the

administrative law judge's ("ALJ") November 26, 2019 order awarding Taylor

future medical benefits and further finding moot the motion for sanctions filed by

Appellee Redwood Holdings, LLC d/b/a Hillcreek Leasing LLC and Hillcreek Rehabilitation and Care ("Hillcreek"). Upon careful consideration, we affirm.

## BACKGROUND AND PROCEDURE

Taylor sustained a work-related injury to her right hand and wrist on September 12, 2018, in the course of her employment as a certified nursing assistant at Hillcreek. Her Form 101, filed September 28, 2018, alleges that "[w]hile Plaintiff [was] reaching down facing [a Hillcreek] resident . . . to unlock the left side of [resident's] wheelchair, resident [] crushed Plaintiff's right hand and wrist downward with the wheelchair level on the left side of wheelchair." Hillcreek concedes that a work accident caused the injury.

Taylor first received treatment for her injured hand and wrist on September 12, 2018, but has been examined by approximately twelve physicians between that time and August 2019. After this action commenced, Hillcreek attempted to have Taylor examined by an independent physician. According to the Board, Hillcreek issued an appointment letter to Taylor, scheduling an Independent Medical Examination ("IME") with Dr. J. Rick Lyon for November 20, 2018. Taylor said she would be unable to attend the appointment and requested that a taxi be provided to her for any future evaluations.[1] Hillcreek notified Taylor that the

---

[1] According to the Board, Dr. Lyon's office is approximately 16.9 to 18 miles from Taylor's residence.

IME had been rescheduled for November 29, 2018 and that transportation would not be provided. Taylor refused to attend. Hillcreek again rescheduled the appointment, this time for December 19, 2018, and promptly notified Taylor. Once again, Taylor did not attend.

In response, Hillcreek filed a "Motion to Suspend Compensation and Proceedings" asserting that KRS[2] 342.205(3) provides that compensation may be suspended during any period that a claimant refuses or obstructs an employer's right to an IME. On January 9, 2019, Hillcreek filed a "Supplemental Motion to Suspend Compensation and Proceedings," attaching further evidence of obstruction. Hillcreek suspended payment of compensation on February 11, 2019.[3] The ALJ ultimately ordered Taylor to attend an IME scheduled by Hillcreek. (Opinion of the Board, at 6-10.)

A hearing was conducted before the ALJ on September 27, 2019, and an Opinion, Award and Order was rendered on November 26, 2019. Among other things, Taylor was awarded temporary total disability ("TTD") benefits from September 19, 2018 through October 16, 2018 and future medical benefits. The ALJ adjudged Hillcreek's request for sanctions for obstruction moot because the

---

[2] Kentucky Revised Statutes.

[3] It is unclear to this Court what compensation, if any, Hillcreek had been paying to Taylor.

period of TTD benefits awarded did not overlap with the time Taylor evaded the IMEs.

Hillcreek appealed to the Board, asserting only that the ALJ erred by awarding future medical benefits and determining that its request for sanctions was moot. Taylor filed a cross-appeal, asserting that substantial evidence supported the ALJ's decision and, accordingly, she had met her burden of proof.

The Board first addressed the issue of future medical benefits. It concluded "the ALJ erroneously premised her award of future medical benefits upon a finding Taylor's injury is not a temporary exacerbation of a pre-existing non-work-related condition. While the ALJ has the discretion to award future medical benefits, the award must be based upon substantial evidence in the record." Accordingly, this issue was remanded to the ALJ to cite medical evidence supporting the award.

Next, the Board found it was error for the ALJ to conclude the issue of sanctions was moot. Instead, it noted that "compensation" is defined as "all payments made under the provisions of this chapter representing the sum of income benefits and medical and related benefits[.]" (Opinion at 11) (citing *Finke v. Comair, Inc.*, 489 S.W.3d 242, 253 (Ky. App. 2016)). And the ALJ could have concluded that Taylor forfeited her entitlement to all medical benefits during the period of obstruction.

Because the Board resolved the only contested issues before it – those raised by Hillcreek – it concluded there was nothing left for it to address in Taylor's cross-appeal. This appeal followed.

## ANALYSIS

Taylor raises twelve issues for this court to determine. However, many of these issues have no legal foundation,[4] while others were not raised before the Board[5] and, therefore, are waived. Accordingly, we limit our discussion to those issues properly before us.

Our review of an opinion of the Workers' Compensation Board is limited. We only reverse the Board's opinion when "the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice." *W. Baptist Hospital v. Kelly*, 827 S.W.2d 685, 687-88 (Ky. 1992). In reviewing the Board's opinion, we look to the ALJ's opinion. The ALJ's findings of fact will not be disturbed if supported by

---

[4] For example: "Whether or not the Board's arguments on behalf of appellees were so far-fetched as evidenced by causing this Case to become an unmitigated disaster and stinking to high heavens"; "Whether or not the Board's decision had given the appellees, another bite of the apple as evidenced by dismissing efforts and issues contested at the BRC [Benefit Review conference]."

[5] For example: "Whether or not the Board overlooked the ALJ 'ordered Hillcreek to reimburse Taylor's mileage to and from IME' as evidence by ignoring the fact that Ms. Taylor has not yet been reimbursed for mileage to and from the IME. *See* Case Records."; "Whether or not the Board provided Ms. Taylor equal justice as the employer was entitled to as evidenced by ignoring Ms. Taylor's responses and motions and not being paid for travel to IME on record. *See* Case Records."

substantial evidence. *Wolf Creek Collieries v. Crum*, 673 S.W.2d 735 (Ky. App. 1984). And, the ALJ, as fact-finder, possesses the discretion to judge the credibility of testimony and weight of evidence. *Paramount Foods, Inc. v. Burkhardt*, 695 S.W.2d 418, 419 (Ky. 1985). Our review proceeds accordingly.

Much of Taylor's brief asserts that the Board acted as an independent finder of fact, re-weighed the evidence, and reassessed witness credibility. We disagree. The Board's decision is based purely on legal conclusions – the ALJ applied the wrong legal standards for determining whether future medical benefits were proper and whether the issue of sanctions was moot. Accordingly, the Board made no independent findings of fact and neither assessed witness credibility nor weighed any of the evidence found by the ALJ. To the extent Taylor is challenging the Board's legal conclusions, again, we disagree.

The Board correctly determined the ALJ applied the wrong legal standard for the award of future medical benefits. According to the Board, the ALJ held: "[i]n this case, the injury was not a temporary exacerbation of a pre-existing non-work-related condition . . . . Therefore, pursuant to KRS 342.020, Defendant Employer is liable for the payment for the cure and relief from the effects of Plaintiff's work-related injury." We agree that future medical benefits cannot be awarded solely on the fact that the injury was not a temporary exacerbation of a pre-existing non-work-related condition. Such an award must be supported by

-6-

substantial evidence. *See Mullins v. Mike Catron Constr./Catron Interior Sys., Inc.*, 237 S.W.3d 561, 563 (Ky. App. 2007).

Likewise, the Board was correct that the ALJ erred by concluding the issue of sanctions was moot because the period of TTD benefits did not overlap with the period of obstruction. KRS 342.0011(13) defines "[c]ompensation" as "all payments made under the provisions of this chapter representing the sum of income benefits and medical and related benefits[.]" Accordingly, "[c]ompensation" includes not only TTD benefits, but other medical benefits, for example, necessary physical therapy. Thus, the ALJ could have suspended payment of any medical benefits that Taylor was entitled to during the period of obstruction.

Taylor next contends the ALJ's decision to award future medical benefits was based on substantial evidence. Taylor refers this Court to no record evidence supporting this contention other than referencing an alleged August 31, 2019 MRI report diagnosing her with carpal tunnel syndrome. However, she does not cite where in the record we can find this report.[6] Importantly, if this record exists, we do not see, and Taylor has not directed us to, where the ALJ's opinion references it. It is not the reviewing court's function to find support for a party's

---

[6] Taylor's citation to this record is very vague: "at Supplemental Notice of Submission of Medical Records Re: Family Health Centers Portland, September 12, 2019." This citation was ineffective at directing the Court to its location.

argument, and a party's own failure in that regard justifies the court's declining to entertain the merits of the appellant's argument. *Commonwealth v. Roth*, 567 S.W.3d 591, 594 (Ky. 2019).[7] We find no error.

Taylor next shifts her focus to the issue of sanctions. She contends she did not obstruct Hillside's right to an IME. She argues that she "might not have had access to transportation to the IME doctor on said dates and/or [was] not feeling well enough to travel." As noted above, the Board did not make findings regarding obstruction. It merely held that the ALJ applied the wrong legal standard in concluding the issue was moot and appropriately remanded for findings on whether sanctions were proper.

Finally, Taylor alleges the Board wrongfully ignored her cross-appeal. As noted above, however, her cross-appeal merely argued that she had met her burden of proof and that the ALJ's opinion should be affirmed. Therefore, the Board's resolution of the issues raised by Hillcreek necessarily resolved any concerns in her cross-appeal.

## CONCLUSION

Based on the foregoing, the July 31, 2020 opinion of the Workers' Compensation Board is affirmed.

---

[7] "Judges are not like pigs, hunting for truffles buried in briefs." *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991).

-8-

ALL CONCUR.


BRIEF FOR APPELLANT:

Antoinette C. Taylor, *pro se*
Shelbyville, Kentucky

BRIEF FOR APPELLEE REDWOOD
HOLDINGS LLC D/B/A
HILLCREEK LEASINGS LLC AND
HILLCREEK REHABILITATION
AND CARE:

Stanley S. Dawson
Louisville, Kentucky