# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT.  OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: DECEMBER 17, 2020
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2020-SC-0110-WC

KEN ISAACS INTERIORS, INC.                          APPELLANT

V.                     ON APPEAL FROM COURT OF APPEALS
NO. 2019-CA-1314
WORKERS' COMPENSATION BOARD
NO. 17-WC-60412

DELBERT RADER;                                 APPELLEES
HON. MONICA RICE-SMITH,
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD

**MEMORANDUM OPINION OF THE COURT**

**<u>AFFIRMING</u>**

Ken Isaacs Interiors, Inc. (Ken Isaacs), appeals from the decision of the Kentucky Court of Appeals holding Delbert Rader was automatically entitled to future medical benefits based on a finding by the Administrative Law Judge (ALJ) that he had a permanent disability. We affirm.

It is undisputed Rader sustained a compensable work-related back injury on October 17, 2017, while working for Ken Isaacs. Based on the lay and medical evidence adduced at a formal hearing, the ALJ concluded Rader's injury resulted in a 7% whole person impairment rating and that Rader retained the capacity to return to the work he performed at the time he was

injured. Thereafter, the ALJ awarded Rader temporary total disability benefits, permanent partial disability benefits, and future medical benefits "as may be reasonably required for the cure and relief from the effects of the work-related injury." The ALJ subsequently denied Ken Isaacs' motion for reconsideration which asserted only that the ALJ erred in awarding future medical benefits. On appeal, the Workers' Compensation Board affirmed the ALJ, and the Court of Appeals affirmed the Board. This appeal followed.

As below, the sole question presented for review is whether a finding of permanent disability automatically entitles a claimant to an award of future medical benefits. Ken Isaacs asserts the holdings in *FEI Installation, Inc. v. Williams*, 214 S.W.3d 313 (Ky. 2007), and *Mullins v. Mike Catron Construction/Catron Interior Systems, Inc.*, 237 S.W.3d 561 (Ky. App. 2007), support its position that no automatic entitlement exists. It seeks reconsideration of the holding in *Max & Erma's v. Lane*, 290 S.W.3d 695 (Ky. App. 2009), which concluded the plain language of KRS[1] 342.020(1) made awards of future medical benefits mandatory when a claimant is assigned a permanent impairment rating. Finally, Ken Isaacs argues Rader's failure to establish the potential need for future medical expenses should have been fatal to the award in the absence of the automatic entitlement. We disagree with Ken Isaacs and affirm.

At the time of Rader's injury, KRS 342.020(1) stated in pertinent part:[2]

---

[1] Kentucky Revised Statutes.

[2] The statute was amended in Section 1 of 2018 Ky. Acts ch. 40, with an effective date of July 14, 2018. The amendment split the former KRS 342.020(1) into

2

[i]n addition to all other compensation provided in this chapter, the employer shall pay for the cure and relief from the effects of an injury or occupational disease the medical, surgical, and hospital treatment, including nursing, medical, and surgical supplies and appliances, as may reasonably be required at the time of the injury and thereafter during disability, or as may be required for the cure and treatment of an occupational disease. The employer's obligation to pay the benefits specified in this section shall continue for so long as the employee is disabled regardless of the duration of the employee's income benefits.

In *Williams*, this Court concluded a claimant's "disability exists for the purposes of KRS 342.020(1) for so long as a work-related injury causes impairment . . . ." 214 S.W.3d at 318-19. It is clear and undisputed Rader sustained a work-related injury. The ALJ assigned Rader a 7% impairment rating, thereby concluding as a matter of law that Rader was permanently impaired. Rader's disability is likewise therefore permanent. Thus, as the Court of Appeals correctly concluded, an award of future medical benefits is statutorily mandated. *Max & Erma's*, 290 S.W.3d at 698.

Contrary to Ken Isaacs' position, *Williams* and *Mullins* do not require a different result and its argument is based on a misinterpretation of those holdings. *Williams* concerned whether a claimant who received no permanent impairment rating was entitled to future medical benefits. *Mullins* involved a claimant who suffered a temporary exacerbation of a pre-existing condition, had no permanent impairment, and did not show future treatments would be

multiple sections and added new time limitations on the duration of an employer's obligation to provide future medical benefits. The modified provisions apply to claims arising from injuries or occupational diseases or last exposures to the hazards of occupational diseases or cumulative traumas on or after the effective date. As previously noted, Rader's injury occurred on October 17, 2017, making the amendments inapplicable to this matter.

necessary or helpful. In each case, an award of medical benefits was determined to be permissive, not automatic. Neither case is instructive here.

Rader was assigned a permanent impairment rating and Ken Isaacs has failed to challenge that finding. Under the plain language of KRS 342.020(1), Rader is entitled to an award of future medical benefits as a matter of law. We decline Ken Isaacs' invitation to alter the clear legislative purpose and intent of this statute by judicial fiat. We likewise decline to reconsider the holding in *Max & Erma's* as it correctly sets forth the state of the law. There was no error and Ken Isaacs is not entitled to the relief it seeks.

Finally, because we have determined Rader was automatically entitled to an award of future medical benefits upon the ALJ's assignment of a permanent impairment rating, we need not address Ken Isaacs' alternative argument related to Rader's failure to prove the appropriateness or necessity of any such future treatments. Of course, our resolution does not prevent Ken Isaacs from disputing the reasonableness and necessity of any proposed treatment in the future. *See* 803 KAR 25:012; *National Pizza Co. v. Curry*, 802 S.W.2d 949 (Ky. App. 1991).

For the foregoing reasons, the decision of the Court of Appeals is affirmed.

All sitting. All concur.

4

COUNSEL FOR APPELLANT:

Johanna Frantz Ellison
Fowler Bell


COUNSEL FOR APPELLEE, DELBERT RADER:

Juliana Bronwen Coffey
Juliana Coffey, Attorney at Law