# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

RENDERED:  APRIL 28, 2022
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2021-SC-0084-WC

CHARLES DAVID MCGEORGE                                        APPELLANT


V.

ON APPEAL FROM COURT OF APPEALS
NO. 2020-CA-0660
WORKERS' COMPENSATION NO. WC-13-87035


WAL-MART; HON. CHRIS DAVIS,                                   APPELLEES
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD


**MEMORANDUM OPINION OF THE COURT**

**AFFIRMING**

Charles David McGeorge appeals from the Court of Appeals' decision upholding an Administrative Law Judge's (ALJ) finding that he is not permanently, totally disabled as a result of a 2013 work injury.  McGeorge argues that the ALJ failed to perform the proper analysis and articulate the basis for his decision.  We disagree.  For the reasons stated below, we affirm.

**FACTS AND PROCEDURAL HISTORY**

On April 13, 2013, McGeorge injured his lumbar spine at L5-S1 while working for Wal-Mart as an order filler.  He filed a workers' compensation claim and was awarded temporary total disability, permanent partial disability, and medical benefits on June 30, 2014.  The ALJ based these awards on an 8%

impairment rating and determined that McGeorge was unable to return to the type of work he performed on the date of the injury but did not find him to be permanently, totally disabled. This decision was not appealed.

Following a request for preauthorization for a proposed L5-S1 fusion surgery by Dr. Amr O. El-Naggar, Wal-Mart filed a medical dispute and a motion to reopen the claim on December 29, 2015. In support of the medical dispute, Wal-Mart filed the utilization review report of Dr. Ricky Mendel who found the recommended surgery was not reasonable or necessary. While the medical dispute was pending, McGeorge filed a motion to reopen his claim pursuant to Kentucky Revised Statute (KRS) 342.125(1)(d) on June 9, 2016, alleging "that his occupational disability has significantly increased and that he is now permanently and totally disabled from any gainful employment." On November 11, 2017, the claims were bifurcated to separate the compensability of the proposed surgery claim from the worsening condition claim. Two months later, the ALJ determined that there were no medical records in evidence to support the proposed spinal fusion surgery.

The parties subsequently filed additional medical records and the deposition testimony of Dr. El-Naggar. Following a hearing, the ALJ entered an interlocutory Opinion and Order on August 27, 2018, finding the proposed spinal fusion surgery at L5-S1 compensable and awarding McGeorge temporary total disability benefits from the date of the surgery through the date he reached maximum medical improvement or returned to work. The ALJ specifically reserved the issues regarding McGeorge's claim that his condition

2

had worsened for a later date. McGeorge underwent the surgery on November 16, 2018. Pre-surgery, he had back pain with weakness and tingling in both legs and feet. Post-surgery, McGeorge's right-sided symptoms resolved but he still has back pain and occasional tingling and numbness in his left foot. Three months after the surgery, Dr. El-Naggar noted good placement of the surgical hardware and that McGeorge was doing very well post-operatively.

Dr. Russell Travis conducted an independent medical evaluation on May 30, 2019. During this examination McGeorge explained that the fusion surgery alleviated his right leg symptoms but not his left leg symptoms and reported back pain. Dr. Travis opined that McGeorge has congenital lumbar spinal stenosis and did not feel that McGeorge was ever a candidate for the fusion surgery. He assigned a 20% impairment rating with 12% of that rating attributable to the fusion surgery. Dr. Travis found no objective basis for restricting McGeorge's activities once he fully recovered from the fusion surgery, which takes approximately one year. Dr. Travis stated that at six months after the fusion McGeorge could return to medium work activity. After full recovery from the fusion, Dr. Travis opined that McGeorge could return to the same type of work he performed at the time of his injury.

On June 20, 2019, Dr. John J. Gilbert examined McGeorge. At that time McGeorge reported mid and low back pain and left leg numbness and weakness, noting his trouble walking and lifting. According to Dr. Gilbert, the physical examination revealed spasms, tenderness and decreased range of motion in the mid and low back. Dr. Gilbert assigned a 23% impairment rating

3

for McGeorge's lumbar condition and an 8% impairment rating to his thoracic spine, although McGeorge never claimed injury to his thoracic spine. He also opined that McGeorge lacked the physical capacity to return to the type of work performed at the time of his injury but stated that McGeorge could return to sedentary work.

A final hearing regarding the worsening of McGeorge's condition was conducted on August 21, 2019, and on October 14 the ALJ entered an Opinion, Award and Order finding McGeorge sustained a 12% increase in impairment for a total impairment rating of 20%. The ALJ also determined that McGeorge is not permanently, totally disabled. Wal-Mart argued that because the worsening of McGeorge's condition is due to his surgery, the date of onset for purposes of an increased award should be the date of the surgery. However, the ALJ determined that McGeorge is entitled to an increase in award from the date of the motion to reopen pursuant to KRS 342.125(4).

Both Wal-Mart and McGeorge filed petitions for reconsideration. Wal-Mart asserted that the ALJ erred in awarding increased benefits from the date of reopening instead of the date of surgery, while McGeorge claimed the ALJ erred in not finding him permanently, totally disabled. The ALJ denied both petitions and both parties appealed to the Workers' Compensation Board (Board).

The Board affirmed the ALJ's Opinion, Order and Award and held that the ALJ acted squarely within his discretion in finding McGeorge is not permanently, totally disabled. The ALJ considered the factors used to

4

determine if a claimant is totally disabled. Further, the ALJ specifically noted that McGeorge is 49 years old, stating he "could return to some type of gainful employment if he so wishes." Regarding the applicable date for the increase in permanent partial disability benefits, the Board concluded that the ALJ did not err because the increase in impairment was a product of the underlying condition requiring surgery, not the surgery itself.

The Court of Appeals affirmed the Board, holding that the ALJ properly analyzed whether McGeorge is permanently and totally disabled and that the ALJ's findings were supported by substantial evidence, namely the expert testimony of Dr. Travis. Because the ALJ did not err in determining that McGeorge is not permanently, totally disabled, the Court of Appeals affirmed the Board.[1]

## ANALYSIS

On appeal McGeorge argues that the ALJ erred in finding that he is not permanently, totally disabled. The claimant has the burden of proving every element of his workers' compensation claim. *Gibbs v. Premier Scale Co./Ind. Scale Co.,* 50 S.W.3d 754, 763 (Ky. 2001). "A party who fails to meet its burden

---

[1] The ALJ, Board, and Court of Appeals also considered Wal-Mart's argument that the ALJ's award of 20% impairment from the date of reopening is erroneous. KRS 342.125(4) states that "any change in the amount of compensation shall be ordered only from the date of filing the motion to reopen." The Court of Appeals relied on this subsection and *Johnson v. Gans Furniture Indus., Inc.,* 114 S.W.3d 850, 855 (Ky. 2003) (citing *Rex Coal Co. v. Campbell,* 281 S.W. 1039 (Ky. 1926)), in determining that "a worker's right to benefits for a post-award increase in disability vests when a motion to reopen is filed, without regard to when the increased disability began." Wal-Mart does not present any argument with regard to the proper date of increased benefits in this appeal.

5

before the ALJ must show on appeal that the unfavorable finding was clearly erroneous because overwhelming evidence compelled a favorable finding, *i.e.,* that no reasonable person could have failed to be persuaded by the favorable evidence." *Kroger v. Ligon,* 338 S.W.3d 269, 273 (Ky. 2011). McGeorge cannot meet this heavy burden.

McGeorge takes issue with the ALJ's failure to define "permanent total disability" and "work." "Permanent total disability" is defined as "the condition of an employee who, due to an injury, has a permanent disability rating and has a complete and permanent inability to perform any type of work as a result of an injury . . . ." KRS 342.0011(11)(c). "Work" is defined as "providing services to another in return for remuneration on a regular and sustained basis in a competitive economy." KRS 342.0011(34). While these terms were not explicitly defined in the ALJ's Opinion, Order, and Award, it is apparent that the ALJ understood these terms and correctly applied them to McGeorge's claim. Indeed, the ALJ found McGeorge "could return to some type of gainful employment if he so wishes."

McGeorge asserts that the ALJ failed to comply with *City of Ashland v. Stumbo,* 461 S.W.3d 392 (Ky. 2015), and the required assessment of permanent total disability. According to McGeorge, the ALJ also failed to provide a sufficient basis to support his determination. *Cornett v. Corbin Materials, Inc.,* 807 S.W.2d 56 (Ky. 1991). We disagree.

An ALJ is required to conduct a five-step analysis to determine whether a claimant is totally disabled. *Stumbo,* 461 S.W.3d at 396-97. First, the ALJ

6

must determine that the claimant suffered a work-related injury.  Second, the ALJ must determine whether the claimant has an impairment rating.  Third, based on the impairment rating, the ALJ must determine the claimant's permanent disability rating.  Fourth, the ALJ must consider whether the claimant is unable to perform any kind of work.  Finally, the ALJ must determine whether the claimant's total disability is a result of the work-related injury.  *Id.*

The ALJ performed the first step of the total disability analysis.  In 2014 an ALJ determined that McGeorge suffered a work-related injury and the present ALJ reiterated that finding.  As to the impairment rating, the ALJ increased McGeorge's impairment rating by 12% for a total whole person impairment of 20%, relying on Dr. Travis's opinions and assessment.  McGeorge asserts that there is no explanation as to why the ALJ relied on Dr. Travis's opinion rather than Dr. Gilbert's opinion.  However, the ALJ explained why he did not rely on Dr. Gilbert's impairment rating:

> First, Dr. Gilbert appears to rate McGeorge, at least in part, on two non-work-related conditions, those to the thoracic spine and at L3-4.  Second, Dr. Gilbert's overall exam findings and conclusions are inconsistent with Dr. Travis'[s] findings, my own estimation of McGeorge's credibility and Dr. El-Naggar's post-surgical findings.  X-rays and CT scans by Dr. El-Naggar found good placement of hardware.  Physical findings include a decrease in pain and symptoms.
>
> Rather, in reliance on Dr. Travis I find that McGeorge has a 20% impairment rating, an increase of 12%.  The rating from Dr. Travis is in accordance with the range listed in the [American Medical Association] Guides.  It is the lowest possible rating.  Again, however, McGeorge does have good hardware placement, as shown by diagnostic testing, and there is no objectively provable

7

reason as to why he should have such severe on-going symptoms as he alleges.

The ALJ also stated he "did not know what [made] Dr. Gilbert add previously unlitigated, unclaimed and unrelated body parts" to his report, regarding the assigned 8% impairment to the thoracic spine. In explaining his reliance on Dr. Travis's opinion, the ALJ assigned a 20% permanent impairment rating, satisfying the third step of the analysis. In an addendum to his original report, Dr. Travis discussed his review and criticisms of Dr. Gilbert's report, highlighting Dr. Gilbert's vague descriptions of his diagnoses and failure to personally review McGeorge's imaging studies. Dr. Travis also noted that the multiple MRIs he reviewed did not show a disc herniation at L3-L4 as diagnosed by Dr. Gilbert.

In determining whether McGeorge is unable to perform any type of work, the ALJ recognized McGeorge's pain and limitations, but did not believe that McGeorge is totally disabled. The ALJ relied on the CT scans, which showed good hardware placement from the fusion surgery, and his age. The ALJ also noted that he did not believe McGeorge's symptoms were as severe as he alleges. Further, the ALJ stated that McGeorge's "testimony would be necessary under these facts to find him totally disabled and I am not persuaded by his testimony."

There was no medical testimony suggesting that McGeorge was unable to return to sedentary work. Dr. Gilbert opined that McGeorge could return to sedentary work and Dr. Travis opined that he could return to medium work while recovering from the fusion surgery and the same work he previously

8

performed once recovered from the fusion.  McGeorge relies on his own testimony to support his assertion that the ALJ should have found him to be permanently, totally disabled.  The ALJ, as fact-finder, has the sole authority to determine the quality, character and substance of the evidence.  *Square D Co. v. Tipton,* 862 S.W.2d 308, 309 (Ky. 1993).  The ALJ was unpersuaded by McGeorge's testimony and did not find it credible.  An ALJ may reject any testimony and believe or disbelieve various parts of the evidence.  *Magic Coal Co. v. Fox,* 19 S.W.3d 88 (Ky. 2000).  The fifth step of the analysis is inapplicable because the ALJ did not find that McGeorge suffers a permanent total disability.

While the ALJ did not cite *Stumbo,* 461 S.W.3d at 392, the Opinion, Order and Award outlines the proper analysis.  "[T]he ALJ's findings of fact are entitled to considerable deference and will not be set aside unless the evidence compels a contrary finding."  *Finley v. DBM Tech.,* 217 S.W.3d 261, 264 (Ky. App. 2007).  Because the ALJ found against McGeorge, the party with the burden of proof, "his burden on appeal is infinitely greater.  It is of no avail in such a case to show that there was some evidence of substance which would have justified a finding in his favor."  *Special Fund v. Francis*, 708 S.W.2d 641, 643 (Ky. 1986).  McGeorge relies on his own testimony, which the ALJ determined lacked credibility.  This testimony is insufficient to support a finding that he is permanently, totally disabled.  Therefore, the ALJ's findings were not clearly erroneous.

9

## CONCLUSION

Based on the foregoing, we affirm the Courts of Appeals' decision affirming the Board and upholding the ALJ's Opinion and Order.

Minton, C.J.; Conley, Hughes, Keller, Nickell, and VanMeter, JJ., sitting. All concur. Lambert, J., not sitting.

COUNSEL FOR APPELLANT:

W. Gerald Vanover
McKinnley Morgan
Morgan, Collins, Yeast & Salyer

COUNSEL FOR APPELLEE,
WAL-MART:

Brandon Lawrence Rosen
Pohl & Aubrey, P.S.C.

ADMINISTRATIVE LAW JUDGE:

Hon. Chris Davis

WORKERS' COMPENSATION BOARD:

Michael Wayne Alvey, Chairman